## McCoy v. Pearce.

### ADVANCEMENT, *what is.*

1. The purchaser of land at Sheriffs sale, assigned his interest in the same, before redemption, to the daughter of the judgment debtor with his assent and direction, and the judgment debtor, failed to redeem. *Held*, that this was an advancement by the judgment debtor to his daughter and that his other heirs were thereby precluded from setting up any interest in the land. (1)

### ESTOPPEL.

2. Where a party denies upon oath, whether in an answer in chancery or as a witness, that he has any interest in land, he is thereby estopped from setting up any title to the same. (2)

TENN. REP.—10.

McCoy v. Pearce.

WRIGHT, J., delivered the opinion of the Court:

We think the Chancellor's decree is correct. By the sale of this land under execution, George Click, the purchaser, became invested with the equitable title, subject to John Muncher's right of redemption for two years. This title, he, on the 9th of October, 1846, three days prior to the expiration of the time for redemption, with the assent and direction of John Muncher, assigned and relinquished to Polly Ann Pearce, wife of Thos. W. Pearce, and daughter of said Muncher. The said Polly Ann borrowed the money and paid Click his bid, and her husband refunded the same, and there is no evidence that John Muncher ever refunded or paid Thos. W. Pearce the sum so advanced; but he permitted the time to redeem to expire and made no effort, so far as we can see, to redeem the estate of his daughter. And we are satisfied when he caused her to be invested with it, it was not meant or expected that he should do so; but that on the contrary, he intended it as an advancement to her. The sum paid Click was about $30, and the land was worth about $300, and he intended that she should become the owner of the tract, and that the Sheriff should make her a deed, he yielding his right to redeem. Such, we think, was the original purpose of Muncher in this arrangement. If so, he could have no relief against her. Even if he had paid the money to redeem from Click (as he did not,) and taken the assignment in his daughter's name, it would, *prima facie*, have been an advancement to her, and unless the presumption were overturned by proof, his claim would be repelled. 1 Yer. 97; 10 Hum. 9. And we think so far from being shaken, the presumption is fortified and sustained in the testimony. The title

being once in Polly Ann Pearce, no acts or declarations of her husband, or of Muncher could affect it, or be evidence against her. 1 Yer. 97; 10 Hump. 9. Muncher often declared the land belonged to Polly Ann, and the weight of the proof is that way. There. is no evidence that she redeemed for him, and the presumption and proof are that she did not. The most that can be said is that Thos. W. Pearce was to go on the land, build and live there, and support Muncher; but this, if meant to be a contract, was entirely between Thos. W. and Muncher, and is not traced to Polly Ann. (1)

The statute of frauds is not in the way of Polly Ann here; the assignment from Click being in writing and sufficient. 2 Hump. 335. If she did not redeem *for* Muncher, but took the title as an advancement, his right was gone ; certainly after the right to redeem had expired. It may be that she had only an equitable title for want of the Sheriff's deed, (11 Hump. 122,) and that the decree against the Sheriff and Click, (Muncher not being a party,) also failed to invest her with the legal title ; but still Muncher and his heirs, having no real interest, can have no equity against her.

There is another view of the case which is decisive. In a suit between Pearce and one Loney for this land— Muncher when offered as a witness for Pearce, being objected to because of his alleged interest, swore he had no interest in the land; and that it belonged to his daugh-

(1) Advancements, what are : Thompson v. Thompson, 1 Yerg. 97, 99 ; Hamilton v. Bradley, 5 Hayw. 127, 137 ; Dudley v. Bosworth, 10 Hump 9, 13; Gee v. Gee, 1 Sneed, 395, 402 ; Code. 2432, 2433 ; 2434, 2441 ; Cawthon v. Coppedge, 1 Swan, 487 ; Johnson v. Hoyle, 3 Head, 57 ; Vaden v. Vaden, 1 Head, 300, 304; Shaw v. Spence, 6 Humph. 418 ; Robinson v. Robinson, 4 Humph. 392, 393.

ter Polly Ann. We have repeatedly held that a party who thus swears—either in an answer, or as a witness—is estopped to set up title to the property—5 Sneed. 39. (2)

*Decree affirmed.*

(2) But a fact charged in a bill in equity by mistake, will not operate as an estoppel. Singleton v. Ake, 3 Humph. 626, 628. The rule seems to be that declarations and admissions, whether true or false, which *have been acted upon* by other parties, create an estoppel in their favor; otherwise when they have *not been acted upon.* And the fact that the admission or declaration was under oath, does not in itself render it conclusive as evidence against the person making it. Greenl. Ev. § 207-211, and citations.