## FIDELITY TRUST COMPANY v. J. A. NORTON.

Eastern Section.    June 15, 1929.

Petition for Certiorari denied by Supreme Court, October 19, 1929.

Lee, Price, McDermott and Meek, of Knoxville, for appellant.
J. W. Lillard, of Decatur, for appellee.

OWEN, J. J. A. Norton was formerly sheriff of Meigs county. The Fidelity Trust Company is a corporation at Knoxville, Tennessee. The Fidelity Trust Company entered a motion against J. A. Norton, former sheriff of Meigs county, Tennessee, and his official bondsmen, because of an insufficient return on an execution issuing from the chancery court of Meigs county, Tennessee, on a judgment rendered in favor of said Fidelity Trust Company and against D. W. Selvidge and wife Ellen Selvidge.

The Chancellor denied the motion, the petitioner, Trust Company excepted, perfected an appeal and has assigned four errors. The facts briefly state are as follows:

In a foreclosure suit in the chancery court of Meigs county, Tennessee, judgment was rendered on October 19, 1926 in favor of the Fidelity Trust Company and against D. W. Selvidge and wife Ellen Selvidge, in the sum of $1519.91, and the mortgaged property was ordered sold.

The property was purchased at the court sale by the Fidelity Trust Company and the purchaser was required by the decree confirming sale, to pay in an amount sufficient to take care of court costs while the balance was credited on the judgment.

For the balance of this judgment, amounting to $1015.95, an execution was duly issued on June 6, 1927, to the sheriff of Meigs county, Tennessee, who held the same until October 15, 1927, when he made the following return thereon:

"Came to hand 6th day of June, 1927.
"J. A. Norton, Sheriff,
"By J. P. Martin, D. S.
"Executed levying on lands of Ellen Selvidge in First District of Meigs county, Tennessee. Enjoined from selling same by bill filed in chancery court at Decatur. This October 15, 1927.
"J. A. Norton, Sheriff,
"By J. P. Martin, D. S."

On October 11, 1928 the Fidelity Trust Company served a notice on said J. A. Norton (whose term as sheriff had then expired) that on Tuesday, October 16, 1928, it would, in the chancery court of Meigs' county, move for judgment against him and his bondsmen for the amount due on said execution together with interest and

penalty, because of said insufficient return. Said motion was copied in full in said notice and the grounds thereof were fully set out therein.

After the service of said notice and before the convening of said court, to-wit; on October 13, 1928, J. P. Martin, former deputy sheriff under said J. A. Norton, filed in said court his affidavit and motion seeking leave to amend said return so as to set out certain facts stated in said affidavit.

Immediately upon the convening of said chancery court Meigs county at Decatur, to-wit, on October 16, 1928, said affidavit and motion on behalf of J. P. Martin, were presented in open court, and said motion was taken under advisement.

The complainant Trust Company introduced the following evidence in support of its motion:

1. The notice of said motion, served by him on J. A. Norton, on October 11, 1928.

2. A certified copy of the execution with the return complained of, thereon.

3. A certified copy of the official bond of J. A. Norton, as sheriff of Meigs county, Tennessee, for the two years term beginning September 1, 1926.

4. Proof that J. A. Norton as sheriff and J. P. Martin as deputy sheriff went out of office on September 1, 1928.

Thereupon the defendant Norton offered in evidence the affidavit of J. P. Martin, former deputy sheriff under Norton seeking to amend the return and also the records in the cause are No's 915 and 895, in the chancery court of Meigs county.

The Fidelity Trust Company objected to the admission of said affidavit and to said records in said causes No's 915 and 895, upon the ground that such extraneous evidence is not admissible on the hearing, because said motion must be determined by the record of the execution and the return thereon. But the court admitted said evidence, to which action the Fidelity Trust Company excepted.

The Fidelity Trust Company also resisted said motion of J. P. Martin for leave to amend said return upon three distinct grounds:

1. The original return was fatally defective as to the description of lands and hence could not be amended.

2. The said former sheriff and his deputy being now out of office, will not under the law be permitted to amend.

3. Said amendment is insufficient, as a matter of law.

The said J. A. Norton resisted the motion of the Fidelity Trust Company for judgment against him, upon the ground that under the law and under the records in causes No's 895 and 915, he was not liable for judgment under such motion.

The court having taken these matters under advisement, later delivered its opinion and decree as follows:

1. The motion of J. P. Martin, former deputy sheriff, for leave to amend his return was disallowed because said officer's term had expired prior to the filing of said affidavit and motion.

2. The record in the cause styled R. J. Coulter v. Ellen Selvidge, et al., No. 915, being the cause in which the sale of the land claimed to have been levied upon was enjoined, was held to be competent evidence on the hearing of this motion for judgment against the sheriff for insufficient return.

3. The return complained of is insufficient, as a matter of law.

The court was of the opinion however, and so decreed by reason of the Trust Company's position, in the case of Coulter v. Selvidge wherein the Trust Company filed an answer and cross-bill and this being the same bill which enjoined the sale of the property attempted to be levied on, the return of which is now complained of in this motion.

It appears that in the answer of the Fidelity Trust Company, it admits in that proceeding the priority of the claims against the estate of Mrs. Smith over its judgment, and by consent of its counsel of record, without objection, let the property go to sale, and determine by decree the distribution of the proceeds. Therefore the court, over exception of the Fidelity Trust Company, admits the file in this later case of Coulter v. Selvidge as evidence upon the hearing of this motion.

The court is further of the opinion that although the return upon the execution is insufficient, this fact was known to the Fidelity Trust Company, or to its counsel, at the time of the filing of its answer and cross-bill, and of the entry of the decree in that cause, and the sale of the land, etc. This being true, the court is of opinion that it was encumbent upon the Trust Company to have made its formal motion against the sheriff before final decree in that cause. Lutrell v. Fisher, 11 Heisk., page 101.

This being true, the court is of opinion that, although the return was insufficient and in a proper case the Trust Company would be entitled to recover, whether or not the parties are solvent or insolvent, it is now estopped and bound by the action in the former case.

I think the question as to whether or not the sheriff had the opportunity to sell the land prior to the issue of the injunction in case of Coulter v. Selvidge would be a matter of proof in a proper case, but that this now becomes an immaterial issue, if the court is correct in its conclusions.

Upon the motion and the whole record in the cause, the court is of opinion that the motion against the sheriff should be dismissed with costs.

The Trust Company excepted to the Chancellor's decree, prayed and perfected an appeal and has signed and duly filed a proper ·bill of exceptions. The Trust Company has assigned errors.

First, that the Chancellor was in error in holding that the Trust Company was estopped to proceed against the sheriff upon the ground that it had consented in cause No. 915 to a sale of lands involved in that cause, by the reason that it appears from the record that said sheriff could in no wise be prejudiced by any such sale.

Second. The Chancellor erred in holding that the records in causes No. 895 and 915 were admissible in evidence on the hearing of the motion against the sheriff.

Third. The Chancellor erred in holding that the remedy given by statute by motion, against a sheriff and his official bondsmen, for an insufficient return, is a mere substitute for an action on the case, and that whatever would constitute a valid defense for such officer in an action on the case is equally available as a defense in the proceeding on such a motion.

Fourth. Having held the return of the sheriff complained of insufficient, the Chancellor should have decreed in favor of the Trust Company against the former sheriff and his official bondsmen for $1016.50, together with interest and 12-½% penalty, subject to the credit which the Fidelity Trust Company agreed to make on the said judgment as the result of any amount it might receive from the sale of the lands involved in cause No. 915.

It appears that the Trust Company made a loan to one D. W. Selvidge and his wife Ellen Selvidge, on a tract of land in Meigs county. The trust deed provided that should the borrowers become in default, the trustee would advertise said land for sale ·in a newspaper published in Meigs county.

It appears that there was a default on the part of Selvidge and wife and that there was no newspaper published in Meigs county, thereupon the Trust Company filed a bill to sell the land on which it held a mortgage. A decree of sale was had, the Trust Company became the purchaser of the land. There was a deficiency judgment for more than $1000. This was known as cause No. 895.

On this deficiency judgment an execution was issued on the 6th of June, 1927. The execution passed into the hands of J. A. Norton, at that time sheriff. He made the return complained of.

It appears that the mother of Ellen Selvidge died testate and devised to Ellen Selvidge a tract of land in Meigs county; this was the land levied on by the sheriff. It appears that this was all the property that either Mr. or Mrs. Selvidge owned and the tract of land devised to Mrs. Selvidge was all of the land that Mrs. Sarah Smith owned, being sixty-eight acres. The will stated that Ellen Selvidge was the sole beneficiary of Sarah Smith and that at the

death of Sarah Smith, Ellen Selvidge was to take charge of the tract of land described in the will and be executrix without bond.

On September 22, 1927, R. J. Coulter, engaged in the undertaking business in Hamilton county, Tennessee, filed an insolvent bill against Ellen Selvidge as executrix of the will of Sarah E. Smith and against Ellen Selvidge individually and against D. W. Selvidge and J. A. Norton, sheriff of Meigs county. The material allegations of said bill were, that the estate of Sarah E. Smith owed complainant $206 for funeral and burial expenses; that the said Sarah E. Smith, at the time of her death, was the owner of certain lands which had been devised to her daughter, Ellen Selvidge, and said lands were not worth more than $1000, that is all the property Sarah E. Smith owned; and that J. A. Norton, sheriff, in the cause No. 895, had an execution for approximately $1000 in favor of the Fidelity Trust Company and against D. W. Selvidge and Ellen Selvidge; that said sheriff intends to levy said execution on the above described real estate on the theory that the defendant, Ellen Selvidge, has become the owner thereof by reason of the fact that she is the sole beneficiary under the will of her mother, Sarah E. Smith and that the said J. A. Norton, sheriff, intends to sell said land and apply the proceeds of sale to the satisfaction of said judgment now existing in said county against the said D. W. Selvidge and Ellen Selvidge.

The bill prayed for an injunction against the sheriff enjoining and restraining him from selling the said real estate described in complainant's bill, under execution in his hands. The bill prayed for a decree in favor of complainant and that his judgment be a prior lien on said real estate and that the court annul and remove as a cloud on title of said land any levy of execution issuing in cause No. 895 in this court; that the land described in the bill be sold; that the debts of Sarah E. Smith be ascertained and paid and the balance be paid to the parties entitled thereto.

On the 20th day of September, 1927, a fiat for an injunction was granted by Judge Charles W. Lusk of the criminal court of Hamilton county. The injunction was served the 24th day of September, 1927. The Fidelity Trust Company answered this bill on October 11, 1927, and we quote from said answer as follows:

It is true as indicated in paragraph six of complaint's bill that in this honorable court on October 19, 1926, it was awarded a judgment against this defendant's codefendant, D. W. Selvidge and Dorcus Ellen Selvidge, (named in said judgment as Ellen Selvidge) in the sum of $1465.31, and to satisfy said judgment certain land was sold which brought only the sum of $500. Out of the proceeds of said sale the court costs in the sum of $26.55 were paid, and taxes amounting to $24 were paid, so that there was a credit on this defendant's judgment in the sum of $449.36 only.

It is further true as shown in complainant's bill that at the instance of this defendant an execution was issued for the balance of said judgment, the same being placed in the hands of J. P. Martin, sheriff of Meigs county, Tennessee, the same being done on or about the—day of June, 1927. Immediately thereafter, said sheriff levied said execution upon the lands described in complainant's bill herein, and would have sold the same but for the fact that he was restrained by the injunction awarded herein.

This defendant is advised and accordingly avers that its said judgment constituted a lien upon the lands of the said Dorcus Ellen Selvidge, or Ellen Selvidge, as she is otherwise known, in Meigs county, Tennessee, under the statute, and said lien would have been enforced within the period of one year from the rendition of said judgment had it not been for the injunction sued out in this cause.

This defendant is advised and accordingly admits that the complainant's claim against the estate of Sarah E. Smith, deceased, together with any other valid and just claims against said estate would take priority over its lien thereon, but subject only to this qualification, this defendant asserts its right of lien in and to the lands described in complainant's bill, and asserts its right to have the same sold to the end that the balance due on its said judgment hereinbefore referred to may be paid subject only to the prior claims against the estate of Sarah E. Smith, deceased.

The answer then sets out by metes and bounds the lands levied on. The Trust Company, after answer, assumed the attitude of a cross-complainant and filed a cross-bill in which it prayed to have a first lien upon the lands described in the original bill, subordinate only to bona fide claims against the estate of Sarah E. Smith and that for the enforcement of said lien and for the satisfaction of cross-complainant's judgment against said cross-defendant, said land be sold and etc., and that the proceeds be applied to the satisfaction of cross-complainant's judgment in cause No. 895.

This answer and cross-bill were properly sworn to. The Trust Company's cross-bill was answered by D. W. Selvidge and Ellen Selvidge, in which they alleged that the Trust Company attempted to have had an execution levied on this land as the property of the defendant, Ellen Selvidge, but the denial of said levy is sufficient at law or that the said judgment is a lien on said land. Ellen Selvidge also stated that she had made application to the sheriff to have homestead alloted to her prior to sale of said land under said execution. D. W. Selvidge stated that he had no interest in this litigation. Ellen Selvidge asked that the administration of her mother's estate be transferred from the county court to the chancery court.

On December 1, 1927, there was a consent decree in the cause of Coulter v. Ellen Selvidge, et al., and by the terms of said decree the

administration of the estate of Sarah E. Smith was transferred from the county court of Hamilton county to the chancery court of Meigs county, Tennessee. It was held that the estate of Sarah E. Smith is insolvent; that complainant was entitled to his funeral bill, the land alleged in the pleadings was ordered sold. A reference was had to the Clerk and Master to ascertain if there were any other debts of Sarah E. Smith or any other property beside the lands alleged in the pleadings.

On April 17, 1928, the Clerk and Master reported in obedience to the reference that the debts against Sarah E. Smith amounted to $447.57 and that the Fidelity Trust Company of Knoxville held a judgment against Ellen Selvidge and D. W. Selvidge, personally, on which there is a balance of $1015.95; that on said judgment an execution was issued on June 6, 1927, but a sale of the premises involved in this cause, under said execution, was enjoined herein. So that the Fidelity Trust Company asserts its rights to have and recover any and all proceeds derived from the sale of said lands, after the payment of the costs of these proceedings, and all creditors of said estate as hereinbefore set out, in as much as the remaining proceeds derived from said sale become the property of the said Ellen Selvidge under the term of the will of Sarah E. Smith, deceased. This report was okayed by all the attorneys in the cause No. 915, and the report being unexcepted to was confirmed.

It appears that the lands of Sarah E. Smith were sold for $700, which sale was confirmed. By consent of all parties, after paying the debts of Mrs. Sarah E. Smith and the costs, the net amount or residue of her estate was divided by paying Mrs. Ellen Selvidge 70% and the Fidelity Trust Company 30%.

Appellant insists that this is a case where a sheriff held an execution in favor of the Fidelity Trust Company and against D. W. Selvidge and Ellen Selvidge from June, 1927 to October, 1927, and then made a wholly insufficient return thereon, stating that he had been enjoined from selling said lands which were in no wise legally described in the return but were referred to therein as belonging to one of the judgment debtors, and on which he claimed to have levied; that under the statutory motion for judgment against a sheriff for an insufficient return, the return alone is looked to and extraneous evidence is not admissible by way of defense.

The motion is made under Shannon's Code, sec. 5359 (Code of Tennessee, sec. 3594) which reads as follows:

"Judgment by motion may be had against any sheriff ....... to whom an execution is directed and by him received, for the amount due upon such execution, and twelve and one half per cent damages, in the following cases:

"(1) ................................

"(2) When he makes a false or insufficient return."

Learned counsel for appellant insist that there is no basis whatsoever for the learned Chancellor's application of the doctrine of "estoppel;" that the appellant did nothing to prejudice the sheriff in any way; that this is a case of gross neglect of official duty by the sheriff; that the law requires a sheriff to be prompt and precise in the performance of his duties and that there is no justification for the sheriff's conduct in this case.

The appellee insists that under Shannon's Code, Sec. 6122, this is an equity cause and that the court should give such relief as the nature of the case requires to do complete justice; that the appellant has not suffered any injury; that the sheriff was enjoined from selling the lands that he levied on; that the only property the Selvidges owned, at the time of the issuance of the execution, was the land Mrs. Selvidge had inherited from her mother; that the creditors of Mrs. Smith, the mother of Mrs. Selvidge, enjoined the sheriff and stopped the proceedings under said execution; that the appellant, in the injunction bill, sets up said levy by its answer and cross-bill and insists that it is a valid levy and that a sale under the levy of the sheriff would have given the appellant no more rights than he had by virtue of its lien by judgment in a court of record not twelve months old; that the appellant had received everything that it could have gotten if the levy had been in all respects regular; that the appellant has not been injured in any way.

In the case of Young Iron Company, 85 Tenn., 191, it was held that after defendant has admitted the levy in an attachment in his pleadings the fact or sufficiency of such levy cannot be inquired into or disputed.

We are of the opinion that the lower court held correctly in holding that the Trust Company was estopped by its pleadings in the case of Coulter v. Selvidge known as No. 915, in Meigs chancery court, being the cause in which the sale of the land claimed to have been levied upon was enjoined, and that the Chancellor properly admitted the record in No. 915 as evidence at the hearing of the petition in the instant case.

In the case known as No. 915 in Meigs chancery court, the Fidelity Trust Company took the position by answer and cross-bill properly sworn to that the levy it sought to attack was good and sufficient and that it had a lien on the land levied on by virtue of said levy. Therefore, we are of opinion that the petitioner or appellant is judicially estopped from attacking said levy as being insufficient. In the case of Sartin v. Dixie Coal & Iron Co., 150 Tenn., 647, it was held in an opinion by special Judge Malone that "judicial estoppels are estoppels arising from sworn statements made in the course of judicial proceedings, generally in a former litigation in absence of showing that statement was made inadvertently or through mistake, and are based on public policy and not on prejudice to adverse party by reason thereof as in case of equitable estoppel."

Judge Malone in his opinion cited and approved many Tennessee cases which are set out in said opinion, beginning with the case of Hamilton v. Zimmerman, 5 Sneed 39, decided in 1857, and the following cases: McCoy v. Pearce (1858), 1 Shan. Cas., 87; Cooley v. Steele (1859), 2 Head., 605; Seay v. Ferguson (1873) 1 Tenn. Ch., 287; Stillman v. Stillman (1874), 7 Baxt., 289; Nelson v. Claybrooke (1880) v. Lea, 687; Chilton v. Scruggs (1880) 5 Lea, 308; McEwen v. Jenks (1880), 6 Lea, 289; Allen v. Westbrook (1886), 16 Lea., 251; Grier v. Canada (1907), 119 Tenn., 17, 107 S. W., 970; Tate v. Tate (1912) 126 Tenn., 169, 148 S. W. 1042.

We are of the further opinion that the equities of this cause are with the defendant and that the Chancellor reached the right conclusion in dismissing appellant's motion against the sheriff.

It results that the assignments of error are all overruled, and the decree of the Chancellor is affirmed. The appellant will pay all of the costs of the cause, including the costs of the appeal, for which execution will issue against it and its surety on appeal bond.

Heiskell and Senter, JJ., concur.