## NORWICH UNION INDEMNITY CO. v. WILSON et al.

### No. 1726—6150.

Commission of Appeals of Texas, Section A. Jan. 24, 1934.

George O. Wilson, of Dallas, for plaintiff in error.

William H. Flippen and White & Yarborough, all of Dallas, and John T. Gano, of Houston, for defendants in error.

HARVEY, Presiding Judge.

This suit was brought by the defendant in error, R. L. Wilson, on a workman's compensation policy issued to his employer, the Uvalde Paving Company, by the plaintiff in error, Norwich Union Indemnity Company. The case was tried to a jury, on special issues, resulting in a judgment for Wilson against the said indemnity company. The Norwich Union Indemnity Company prosecuted an appeal, and the Court of Civil Appeals affirmed the judgment of the trial court. 43 S.W.(2d) 473. The said indemnity company made application to the Supreme Court for writ of error which was granted.

We have duly considered the grounds of error presented in the application for writ of error, and no reversible error is found except in a single respect, as hereinafter explained. In all other respects, we approve the holdings of the Court of Civil Appeals.

By the jury's findings the following facts were established:

On October 24, 1924, Wilson, an employee of the paving company, sustained personal injuries in the course of his employment; that such injuries permanently and totally incapacitated Wilson for work; that the amount of compensation payable to Wilson under the policy, computed as prescribed by the statutes, was $20 a week for 401 weeks from the date said injuries occurred; that on account of said injuries Wilson, for the period of 32 weeks and 3 days immediately following the occurrence of said injuries, was physically incapacitated to file his claim for compensation as prescribed by statute; that he filed such claim with the Industrial Accident Board of this state within 6 months after his physical incapacity to file such claim ended. It becomes proper to add that the fact is undisputed that, when Wilson filed his claim with the Industrial Accident Board, more than 6 months after he sustained said injuries had elapsed.

▮ Since the Court of Civil Appeals, in its opinion to which we have referred, did not discuss specifically the contention of the indemnity company to the effect that the filing of Wilson's claim with the board occurred too late, we deem it proper to say here that, in our opinion, the contention is without merit, in view of the finding by the jury of Wilson's physical incapacity to file his claim for 32 weeks and 3 days following the date of his injuries. Article 8307, section 4a, of the compensation statutes, provides that no proceeding for compensation for injury, under the compensation law, shall be maintained "unless a claim for compensation with respect to such injury shall have been made within six months after the occurrence of same; * * * or, in the event of his (the employee's) physical or mental incapacity, within six months after * * * the removal of such physical or mental incapacity." These provisions clearly imply that in computing the limitation period prescribed by the statute, within which the claim must be filed, the period of time that the employee is physically or mentally incapacitated to file his claim is not to be taken into account.

The error to which we have alluded, which was committed by the trial court, has reference to that portion of the trial court's judgment which purports a lump sum settlement of unmatured weekly installments of compensation, which, according to the findings of the jury, are payable to Wilson under the policy. In respect to this error, the facts are substantially as follows:

The judgment of the trial court was rendered on December 8, 1930—317 weeks after the date Wilson sustained said injuries. In said judgment, it is adjudged that Wilson was, on the date of the judgment, entitled to recover of said indemnity company the sum of $7,346.80, being the amount of the 317 weekly installments of compensation which were past due, including 6 per cent. interest on said installments from the date of maturity thereof to the date of the judgment. It was further adjudged that Wilson was entitled to recover of the indemnity company, as for a lump sum settlement on the basis of a 6 per cent. discount, the unmatured installments in the sum of $1,584.20. For the aggregate of said two amounts ($7,346.80 and $1,584.20), the trial court gave judgment against said indemnity company in the sum of $8,931.

▮▮ In so far as said judgment relates to the weekly installments which were then unmatured, the judgment is erroneous, for the reason that there is no evidence to justify a lump sum settlement of such unmatured installments. The writ of error was granted herein by the Supreme Court because of this error. However, all the last-mentioned installments have matured since the judgment of the trial court was rendered, and Wilson has filed in this court a waiver of his claim for a lump settlement in the respect mentioned. This waiver renders a retrial of the case unnecessary. Texas Employers' Ins. Ass'n v. Henson (Tex. Com. App.) 52 S.W.(2d) 247;

Ocean Accident & Guaranty Corp. v. McCall (Tex. Com. App.) 45 S.W.(2d) 178.

We therefore recommend that the judgment of the trial court be reformed so as to award a recovery against the plaintiff in error in the aggregate sum of all weekly installments of compensation under said policy, as found by the jury, together with 6 per cent. interest on each installment from the date same matured to this date, and as so reformed that the judgment of the trial court and that of the Court of Civil Appeals affirming same be affirmed. We further recommend that the parties be allowed 20 days within which to submit to the clerk of the Supreme Court a proper form of judgment to be entered in accordance with this opinion.

CURETON, Chief Justice.

The judgments of the Court of Civil Appeals and the district court are both reformed, and, as reformed, the judgment of the Court of Civil Appeals is affirmed; and the parties will be allowed twenty days within which to submit to the clerk of the Supreme Court the form of judgment to be entered in accordance with the opinion; all as recommended by the Commission of Appeals.