CORDER v. G. B. SPROUSE & CO. et al.—100 S. W. (2d) 1001.

Middle Section.   May 9, 1936.

Petition for Certiorari denied by Supreme Court, January 16, 1937.

R. L. Peck, of Springfield, and Rutherford & Rutherford, of Nashville, for appellant Owen.

A. L. Dorsey, of Springfield, for appellee, Corder.

CROWNOVER, J. This is a suit to recover the value of a tobacco crop on which the complainant had a chattel mortgage. The original bill sought to recover the proceeds of the mortgagor's wheat, corn, and tobacco crops, but the only question before this court is as to the tobacco crop.

The chancellor found that H. J. Johnson owed F. H. Corder, on May 28, 1928, $150; that Johnson executed a mortgage to secure said note, the mortgage stating that it was on his interest in a crop of corn, wheat, and tobacco, then growing or to be planted, on the land of J. H. Owen in the Seventh civil district of Sumner county; that the mortgage was recorded; that the tobacco crop was raised by said defendant Johnson in said civil district, but not on land belonging to the defendant Owen, but on land he had bid off at a sale and on which the said Owen made the contract with said Johnson to produce said crop and exercised toward the said Johnson the relation of landlord. The chancellor decreed that the description in the mortgage was sufficient and valid and that Owen was estopped to deny the sufficiency of said description or the validity of the mortgage; that Owen took charge of said tobacco and sold and collected for the same $327; that after paying himself as landlord for all supplies furnished by him as landlord to Johnson and for which he had a lien for $56.75, he had a balance in his hands of $270.25, which he applied to the

payment of various bills owed by Johnson. He rendered decree against Johnson and Owen in the sum of $214.33, the amount of the principal ($150) plus interest to that date, August 9, 1935, and made Sprouse & Co. secondarily liable.

Defendant J. H. Owen filed a petition for a rehearing which was overruled, to which he excepted, and appealed to this court and has assigned errors, which are, in substance, as follows:

(1) The chancellor erred in holding that Owen was estopped to deny the sufficiency of said description and the validity of the mortgage.

(2) The chancellor erred in failing to hold that the mortgage was void for uncertainty in the description of the property upon which the crop was grown.

H. J. Johnson, on December 12, 1925, executed a note to F. H. Corder, the complainant, for $266.65, for "borrowed money." There were several credits on the note.

On May 28, 1928, Johnson executed a chattel mortgage to secure this note on his "wheat, corn and tobacco crop growing and to be grown for this, the year 1928, on the lands of J. H. Owen and in the field usually called the ——— field, lying ——— to wit, my entire ¼ interest in 12 acres of wheat, and my entire ½ interest in 4 acres of tobacco, and 12 acres of corn lying in the 7th Civil District of Sumner County, Tennessee."

Owen took charge of said tobacco crop grown by Johnson and sold the same to Sprouse & Co. and collected for it $327.

Owen had a supply bill against Johnson, which was a lien on the crop, amounting to $56.75. After paying this amount to himself, he had in his hands $270.25 belonging to Johnson, which he has disbursed at Johnson's direction, without paying Corder.

1. Appellant Owen contends that the mortgage was invalid because of insufficiency of the description of the land on which the crop was grown and incorrect description of the interest of Johnson in the crop. He contends that the tobacco was not grown on his land as stated in the mortgage, and that the mortgage states that Johnson had a ½ interest in 4 acres of tobacco when his actual interest was a ¼ interest in 8 acres.

Owen, in his answer in another suit, Rutherford v. Johnson, in a justice of the peace court in Robertson county, stated on oath that he had in his possession $121.46 from the sale of Johnson's tobacco; that the tobacco was raised on a farm owned by himself and W. R. Avent; that he was notified by Corder of his mortgage; and that the mortgage was of record. He is therefore estopped to set up in this case any facts inconsistent with that statement.

"Where one states on oath, in a former litigation, either in a pleading, or in a deposition, or in oral testimony, a given fact as true, he will not be permitted to deny that fact in a subsequent

litigation, although the parties may not be the same. Hamilton v. Zimmerman, 5 Sneed, 39; Cooley v. Steele, 2 Head, 605; Stillman v. Stillman, 7 Baxt., 169, 175; Stephenson v. Walker, 8 Baxt., 289; Nelson v. Claybrooke, 4 Lea, 687, 692; McEwen v. Jenks, 6 Lea, 289; Watterson & Riley v. Lyons, 9 Lea, 566; McCoy v. Pearce, 1 Tenn. Cas., 87." Tate v. Tate, 126 Tenn., 169, 212, 148 S. W., 1042, 1053; Sartain v. Dixie Coal & Iron Co., 150 Tenn., 633, 647, 266 S. W., 313; Southern Coal & Iron Co. v. Schwoon, 145 Tenn., 191, 226, 239 S. W., 398; McLemore v. Railroad, 111 Tenn., 639, 666, 69 S. W., 338; Williams v. Nottingham, 19 Tenn. App., 162, 84 S. W. (2d), 114.

This is not a case of a subsequent purchaser or an attaching creditor. It is a suit by the mortgagee against Owen who held the proceeds of the crop, having knowledge of the mortgage and knowing that this was the particular crop mortgaged.

■ Crops to be grown have a potential existence and may be mortgaged (Dysart v. Hamilton, 11 Tenn. App., 43, 48) and are personalty (Dysart v. Hamilton, supra; Edwards v. Thompson, 85 Tenn., 720, 4 S. W., 913, 4 Am. St. Rep., 807; 1 Thompson on Real Property 131, section 117).

■ A description in a chattel mortgage may be imperfect but still be sufficient to bind one who has actual notice of it. 5 R. C. L., 430, section 63.

"The defendant . . . cannot raise the point of insufficiency unless he purchased the property in good faith from the mortgagors, or some one to whom they had sold it. The law sends one who is about to buy chattels to the public records to ascertain if they are incumbered. If he finds there no mortgage, it cannot be set up as against his title. So, if he finds a mortgage with a faulty description, he is protected, because the record fails to give him notice of the lien. It does not point out with sufficient accuracy the particular property which the mortgage embraces. But the public record of a mortgage is not made for the benefit of one who in no manner connects himself with the title of the mortgagor as purchaser, incumbrancer, or attaching or execution creditor. The mortgage is good as to such a one without filing, and it is likewise good as to him though the description be defective." Wilson v. Rustad, 7 N. D. 330, 75 N. W., 260, 261, 66 Am. St. Rep., 651.

"Insufficiency or inadequacy of description in a chattel mortgage is an attack open to creditors, incumbrancers, and purchasers in good faith, whom it is sought to affect by reason of the constructive notice attaching to the recording or filing of the mortgage; but, inasmuch as actual notice is of a higher character than constructive notice, one who has actual knowledge of the existence of the mortgage and of the property affected thereby cannot avail himself of any lack of sufficiency of description as could one to

whom constructive notice alone was attributable. The creditor with actual knowledge of all the facts does not rely upon the public records to give him constructive notice of that which he already knows." Fenby v. Hunt, 53 Wash., 127, 129, 101 P., 492, 493.

"An error in the statement of the location of the land on which the crop is grown does not invalidate the mortgage as against third persons unless the discrepancy is misleading and nothing remains to suggest inquiries which will identify the mortgaged property. A mortgage with an error in the description as to the location of the property will be upheld against third persons with actual knowledge that the property is mortgaged." 11 C. J., 469, 470, section 98.

The tobacco was not grown on land to which Owen had title, but it is shown by Owen, himself, that he bid this land in for his sons-in-law and supplied most of the money that was paid for it; that the title was taken in the names of his sons-in-law, but Owen managed it; that Owen occupied the position of a landlord toward Johnson; that he furnished supplies to Johnson and claimed a landlord's lien for the amount of same.

However, Owen knew exactly where the tobacco crop was and that it was mortgaged.

2. We are of the opinion that the description in the mortgage is sufficient. This was all the tobacco that Johnson was growing. The description was sufficient to enable anyone to identify the crop.

"The description of a crop is sufficient if it be such that a prudent, disinterested person, aided and directed by such inquiries as the instrument itself suggests, is able to identify the property. Thus, a mortgage covering all or the entire crop of the mortgagor, taken in connection with the mortgagor's residence or the location of the land on which it is to be grown, is ordinarily sufficient to suggest such inquiries." 11 C. J., 468, section 96.

It results that the assignments of error are overruled and the decree of the chancellor is affirmed. A decree will be entered in this court in favor of Corder and against defendants Owen and Johnson and the sureties on Owen's appeal bond, first, and Sprouse '& Co. secondarily, for $214.33 and interest from August 9, 1935, to the present. The costs of the cause including the costs of the appeal are decreed against Owen and the surety on the appeal bond.

Faw, P. J., and DeWitt, J., concur.