## CULPEPPER v. LLOYDS AMERICA.
### No. 10717.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 31, 1940.

Rehearing Denied May 8, 1940.

Chas. J. Lieck and H. K. Stanfield, both of San Antonio, Texas, for appellant.

Kemp, Lewright, Dyer, Wilson & Sorrell, of Corpus Christi, for appellee.

NORVELL, Justice.

This is a Workmen's Compensation case, brought by appellant, Culpepper, against appellee, Lloyds America, as an appeal from the award of the Industrial Accident Board.

The case was tried to a jury and from an adverse judgment rendered upon the jury's verdict Culpepper has appealed to this Court.

Appellant presents the contention that this case must be reversed because of the action of appellee's counsel in attempting to develop the fact that Culpepper was convicted of a felony which did not involve moral turpitude, by means of cross-examination in the presence of the jury.

Appellee contends that "the proper rule which the courts of this State should follow is, * * * that a witness in a civil case may be impeached by a showing of his conviction of any felony, or his conviction of a misdemeanor involving moral turpitude." It is further contended that the particular crime of which Culpepper was convicted did involve moral turpitude.

It appears that sometime during the trial, in the absence of the jury, Culpepper's attorney stated to the trial court that his client had been convicted under the Dean Act of the offense of unlawfully manufacturing intoxicating liquor, and contended that such conviction was inadmissible in evidence. Appellant thereupon requested the trial judge to then and there instruct appellee's counsel not to interrogate Culpepper concerning his conviction and incarceration in the penitentiary. Appellee's counsel insisted that he be permitted to develop the matter before the jury, asserting that such conviction was admissible in evidence. The trial court declined to give the requested instruction in advance, on the ground that he could not then anticipate what questions would be put to appellant by appellee's counsel.

Thereafter, in the presence of the jury, and while appellant "was testifying he was asked the question as to how long he had been in the penitentiary and gave the answer 'One year—I stayed in the penitentiary five months and twenty days,' the question was asked and the answer given by the witness before counsel for plaintiff (appellant) made objection at the time, and objection was made to such testimony immediately after the answer was given." The jury was retired and "then for the first time (other than by statement of counsel), it was made to appear to the court by official records that the incarceration of Culpepper in the penitentiary had been for a Liquor Law violation and the court, upon such showing being made, being of the opinion that the same was not admissible, thereupon called in the jury and then (upon motion of appellant's counsel) gave the jury the following instruction, viz:

" 'Gentlemen, the question that was asked the witness just before your retirement, and his answer thereto, in regard to con-

finement in the penitentiary, you will disregard for any purpose whatever. You will not consider it at all.'"

■ Under the view we take of the case, it is unnecessary for us to decide whether a "Liquor Law violation" involves moral turpitude, or whether evidence of conviction thereunder was admissible in this case. We do say, however, that the trial judge did not abuse his discretion, in the circumstances presented, by refusing to instruct appellee's counsel, in advance, to refrain, in the course of the ensuing trial, from interrogating appellant concerning his previous conviction 'of a felony. 3 Tex.Jur. 1079; 41 Tex.Jur. 720; Missouri K. & T. Ry. v. Johnson, 95 Tex. 409, 67 S.W. 768.

■ The propriety of the proceeding in which appellant was asked, and volunteered an incriminating answer, concerning his conviction and servitude, must be tested by the record made at the time. Appellant was asked "as to how long he had been in the penitentiary," and volunteered the answer, "one year—I stayed in the penitentiary five months and twenty days." Appellant's counsel made no objection to the question before it was answered. The record does not indicate, nor may we assume, that appellant answered before his counsel had time to object to the question; the record being silent the contrary will be assumed. The record simply shows the bald fact that upon inquiry from adverse counsel appellant voluntarily told the jury of his prison experience, whereupon, and not until then, his own counsel objected. The jury was thereupon retired. It was then disclosed to the trial judge, for the first time from official record, that the conviction was for a liquor law violation. The trial judge concluded that evidence of such conviction was inadmissible, and recalling the jury instructed them, in response to appellant's motion, to disregard the question and answer "for any purpose whatever," and "not consider it at all." We are of the opinion that in view of this emphatic admonition from the trial judge in response to appellant's belated objection and motion, coupled with the fact that the answer now complained of was an apparently deliberate and certainly voluntary emanation from appellant's own mouth, the transaction does not present reversible error. 41 Tex.Jur. 905; Norwich Union Ind. Co. v. Wilson, Tex.Civ.App. 43 S.W. 2d 473, Id., Tex.Com.App., 67 S.W.2d 225.

■ These conclusions narrow the inquiry to the contention of appellant that the mere asking of the question of appellant as to his conviction or servitude constituted such error that nothing that transpired could remedy it; that (in effect) the idea of a prison experience was thrust so deeply into the consciousness of the jury by this question that it rendered that jury unfit, or disqualified, to pass fairly upon appellant's case. We are unable to adopt this contention, after much consideration of appellant's able presentation of the point.

■ Cases involving the introduction of improper testimony under an erroneous ruling of the trial court are not in point. The members of this Court are not entirely satisfied that the question was improper, but assuming although not deciding that the question should not have been asked, it is well settled that ordinarily the mere propounding of an improper question does not necessitate the reversal of a judgment, for, "if cases were reversed because improper questions were propounded * * * but few judgments would be affirmed." Missouri Pac. Ry. Co. v. Mitchell, 72 Tex. 141, 10 S.W. 411, 413.

In the Mitchell case, supra, Chief Justice Stayton held that a case would not be reversed because of the propounding of improper questions unless it appears that such "questions were propounded to witnesses, apparently to establish things that did not exist, and to which it was known the witness could not testify, or apparently to prove such things in a mode in which they could not be proved, with a view to make a false impression on the jury," and "looking to the entire record there was reason to believe the jury had been influenced by such course" of conduct, which is characterized as being "reprehensible." In other words, counsel must have been guilty of wilful misconduct and there must be reason to believe the jury was influenced thereby. See also 31 Tex.Jur. p. 27, § 24.

Applying the above rule to the facts of this case, we find the question was answered without objection; the jury was instructed to consider neither the question nor answer, and therefore the assigned error urged here is the action of the trial court in overruling the motion for new trial. This action carries with it the implied finding that appellee's counsel was not guilty of "misconduct" and such finding is sup-

ported by the record. The assertion of an erroneous theory of law very seldom amounts to misconduct. Appellee's contention in the trial court and on appeal concerning the admissibility of the conviction involved, and the method of proof sought to be employed is supported by the recommendation of eminent text book writers. McCormick and Ray, Texas Law of Evidence, pp. 400, 401. For the reasons stated, appellant's contentions on this point are overruled.

The action of the trial court in overruling the motion for a new trial insofar as it related to the question concerning Culpepper's incarceration in the penitentiary can also be sustained upon another theory.

As above pointed out, we hold that there was no deliberate insistence in asking improper questions disclosed by the record which would amount to "misconduct" of counsel calculated to prejudice appellant's case or cause a mistrial.

It is true that certain cases have been reversed because of the propounding of an improper question, for example, a question indicating to the jury that some person or corporation, other than the defendant would ultimately bear the burden of an adverse judgment, and thus effecting an improper substitution of parties in the minds of the jurors.

The theory requiring a reversal in this class of cases is that certain information has been improperly suggested to the jury which disqualifies the members thereof from serving upon that particular case further. The means by which this suggestion is conveyed to the jury is to a certain extent immaterial as the important matter to be considered is that of jury disqualification, which may be the result of the receipt of improper information; undue influence operating outside the courtroom; or various other means and circumstances.

■ We do not believe that the mere asking of the question here involved was of such a nature as would result in the disqualification of the jury, but if we be mistaken in this, then it should be noted that in this case appellant did not move the court to discharge the jury and declare a mistrial, but requested an instruction from the court directing the jury to disregard the objectionable question and answer thereto. This relief, which was all appellant requested, was granted by the trial court, and the requested instruction given.

■ Had a motion for mistrial been timely made, the presumption is that the trial judge would have granted it, if, under the facts and circumstances of the case, he believed appellant had been prejudiced and could not safely proceed with the trial before the jury then impaneled. Harrison-Wright Co. v. Budd, Tex.Civ.App., 67 S.W.2d 670.

In the case of Allala v. Tandy & Sons, Tex.Civ.App., 59 S.W.2d 205, 206, affirmed by Supreme Court, 127 Tex. 148, 92 S.W.2d 227, involving alleged jury disqualification, this Court said: "It is * * * the duty of * * * a party, if he has knowledge that the jury has been subjected to improper influences, to ask permission to withdraw his announcement of ready, that the jury be discharged and either a new jury impaneled or the case continued. He cannot sit silently by, observe improper conduct with reference to the jury, take his chances upon securing a favorable verdict from the jury, and, when the verdict is adverse, set up for the first time the misconduct that he had full knowledge of before the verdict was ever received by the court."

■ That case is analogous to the situation presented here, and it seems that whenever a party knows of an occurrence having taken place which disqualifies the jury from further service, a motion for the discharge of that jury must be made or else the matter of disqualification is waived. Moore v. Norman, Tex.Civ.App., 137 S.W.2d 833; 4 C.J.S., p. 430, Appeal and Error, § 228; 3 Am.Jur. 25, § 246.

■ It is not apparent from the record at just what juncture of the trial the question complained of was propounded to and so thoroughly answered by appellant, but it is easy to surmise it occurred early in the trial when appellant, as the first witness, was first subjected to cross-examination. Be that as it may, however, when the incident occurred, it devolved upon appellant to determine his position and apprise the trial judge of his complaint and elect a remedy. If appellant deemed the incident harmful and his injury irreparable he should have moved to discharge that jury as being disqualified to fairly try the case. If that were denied, appellant had the alternative of objecting to the evidence and moving to strike it. Here, however, appellant made no contention of irreparable injury, or motion for mistrial, and the trial judge did not abuse his discretion by failing to discharge the jury upon his own motion.

Appellant was content to pursue his alternative remedy of exclusion of the testimony, and this was promptly granted by the trial judge. By this process appellant got everything he asked for, and we hold that the trial judge did not commit reversible error in failing to grant other relief not requested by the complaining party.

Appellant also complains of the offer of a certain photograph in evidence, containing two views of appellant. One of these views, or pictures, disclosed appellant's penitentiary number. This view was excluded by the court and not seen by the jury. The other view, or picture, was properly received in evidence, and did not prejudice appellant in any way.

Complaint is also made of the jury argument of appellee's counsel. It is the duty of an appellate court to consider the argument made in the light of all the facts and circumstances surrounding the trial of the case. The trial judge has by full and complete qualifications to the bills of exceptions given the facts and circumstances surrounding the arguments of counsel. It appears that this case was strenuously prosecuted and defended in the trial court. The appellee contended that the claim sued upon was false and fraudulent, and, in argument, counsel roundly denounced appellant's actions. "The language of counsel was vigorous, of course, but at most it was but an inference drawn by counsel from the evidence as he construed it." No reversible error is presented. Gray v. Allen, Tex.Civ.App., 269 S.W. 510, 512; Yellow Cab Co. v. Treadwell, Tex.Civ.App., 87 S.W.2d 276; Moore v. Parrish, Tex.Civ.App., 70 S.W.2d 315.

Appellant assigns error because of the action of appellee's counsel in stating in his argument to the jury that he had observed Culpepper scratching his hand, and that therefore he must have had some feeling in it. There was no evidence introduced in the trial of the case that counsel or any one else saw the appellant scratching his hand during the trial of the case. No objection was made to the trial court at the time the particular argument was made, and it is here contended that "no objection or instruction could have cured the harm injected by such argument." In our opinion an instruction by the trial court that the argument was outside the record and should not be considered would have removed any damage resulting from the argument. As no objection was made to the argument in the trial court, appellant can not secure a reversal here. The ground of complaint has been waived. Ramirez v. Acker, Tex.Civ.App., 124 S.W. 2d 905, affirmed by the Supreme Court, 138 S.W.2d 1054, decided by the Supreme Court, April 17, 1940, opinion by Sharp, J.

By further assignments, it is suggested that the judgment is inadequate under the undisputed facts, and that a number of the jury's findings are contrary to the overwhelming preponderance of the evidence. In this connection, we have examined the judgment, verdict and the evidence contained in the statement of facts, and find that the judgment is in accordance with the verdict and that the evidence supports. the jury's answers to the issues submitted.

What has been said leads to the conclusion that our original disposition of this case affirming the judgment of the trial court is correct. The original opinion will however be withdrawn and this opinion substituted therefor.

Appellant's motion for rehearing is overruled.