## CITY OF DENISON v. CORCORAN.
### No. 10079.

Court of Civil Appeals of Texas. Austin.
Oct. 29, 1952.

Hal Rawlins and Gullett & Gullett, Denison, for appellant.

Freels & Elliot, Sherman, Rayburn Nall, Sherman, of counsel, for appellee.

HUGHES, Justice.

The City of Denison exercising its power of eminent domain for the purpose of widening and improving its streets has condemned one-half acre of land, more or less, belonging to appellee, John P. Corcoran.

Statutory commissioners appointed by the County Court assessed the damages due appellee in the sum of $5,500.

This award was objected to by appellee on the ground of inadequacy, such objection conceding the right of appellant to condemn his land and the legality and sufficiency of all steps taken towards such condemnation and stating "That the only issue remaining to be determined in this action is the amount of money which should be paid the defendant (appellee) for his loss and damage by reason of these proceedings."

Trial was thereafter held before court and jury, the jury finding appellee's damages to be $7,550, $7,500 for the lands taken and $50 for damages to the remaining lands. Accordingly judgment for this amount was rendered against appellant.

Appellant's first point is that the court erred in overruling its objection to the following question asked appellee by his counsel:

"Q. Did the sheriff serve a Writ of Possession on you stating that you were to move out and that property was to be turned over to the City of Denison?"

The objective was that the matter inquired about was "irrelevant and immaterial."

Appellee's answer was:

"A. Mr. Clark came up there and just read something off.

"Q. He is Deputy Sheriff is he? A. Yes, sir."

While an objection in general terms, such as used here, is ordinarily insufficient as a basis for error, Tex.Jur. Vol. 3A, Sec. 165, we believe that this evidence

was relevant and admissible notwithstanding appellee's concession that appellant had proceeded in a legal manner. By acknowledging that appellant had tracked the law appellee did not admit that this suit, as concerned him, was changed from an involuntary to a voluntary proceeding. It is material to show the compulsory nature of the proceedings and the use to which the taken lands will be put in order that the jury may properly assess the damages to the remaining lands. 16 Tex.Jur. p. 991.

It may be that the evidence admitted was cumulative but it was not irrelevant nor immaterial.

█ Appellant next complains that the court erred in admitting, over its objections, the opinion of W. L. Teat, a licensed real estate dealer, as to the value of the property. The witness began his answer by saying "Well, according to the way other stuff sells there, and all * * *." Counsel for appellant then interrupted the witness with this objection:

. "If the Court please, we object to that; that is not a criterion and guide for fair, cash, market value. And I submit the fair, cash, market value can not be arrived at by comparison with other property."

The objection was overruled and the witness answered "It would be well worth, I think, $11,000.00."

Appellant takes the position that "The situation here is analogous to the situation where offers are made and rejected," and cites such cases as Abramson v. City of San Angelo, Tex.Civ.App., 210 S.W.2d 476 (Austin, error dism.) which holds that unaccepted offers to buy made by third parties are inadmissible on the question of value.

We construe the language used by the witness, when interrupted, as referring to "sales" and not to mere offers. Appellant took this witness on cross-examination but did not interrogate him concerning this matter.

Since sales of similar property, under certain circumstances and conditions, are some evidence of value of the property in issue we cannot, from this record, say that the testimony was inadmissible. See McCormick and Ray, Texas Law of Evidence, p. 908; Cole v. City of Dallas, Tex.Civ. App., 229 S.W.2d 192 (Dallas, error ref. n. r. e.)

█ Appellant's Third Point reads:
"The error of the court in admitting the testimony of the witness, J. L. Gosdin, as to the description of the foundation and basement of the property, and the value thereof, over the timely objection of the Appellant that such was an attempt at segregating the value of one part of the property and not taking the same as a whole."

The record shows the following as pertinent to this point:

"Q. You saw that foundation, didn't you? A. Yes, sir.

"Q. What kind of a foundation was it? A. I never saw one like it before. It is built out of hewn rock sawed and built to a line, I suppose, inside and out, sixteen inches thick, and averaging four feet in height on a portion of it. And there is three courses of it around the basement walls will average around eight feet, sixteen inches thick. I drew it off. I wouldn't take nobody's word for it.

"Mr. Gullett: Now, if the court please, this is an attempt at segregating part, the value of one part of the property and not as a whole, and we object to it.

"The Court: I will overrule the objection.

"Mr. Gullett: We except.

"By Mr. Nall:

"Q. You say you don't find foundations like that any more? A. No, sir.

"Q. Do you have any idea what it would cost to build a foundation like that—

"Mr. Gullett: We object to that, if the Court please, certainly as being irrelevant and immaterial and inflammatory. That is not a criterion or guide as to value in a suit of this kind.

"A. I have an idea what it would cost if I built it.

324

"By Mr. Nall:

"Q. And what is that? A. It would cost around thirty-five hundred to four thousand dollars."

Appellant did not object to the last question and answer.

There certainly was no error in permitting the witness to describe the foundation. An accurate description of improvements on land is essential to its fair evaluation.

■■ We doubt if the record as set out above is sufficient to constitute an objection to the admissibility of the evidence about which appellant is complaining.

Assuming, however, that the objection was properly and timely made it is not reviewable by us for the reason that the ruling of the court on such objection is not shown. This the Statement of Facts must show in order to constitute an exception without the necessity of filing a formal bill. Rule 372, Texas Rules of Civil Procedure.

■ By its fourth point appellant complains of admitting in evidence the testimony of R. B. Richardson, on re-direct examination, that while the market value of the property in its present condition was $11,500, that if $2,000 was spent on the house, placing it in first-class condition, that the market value of the property would be $15,000. Appellant's objections to this evidence was that it was "speculative."

It appears that on cross-examination appellant had interrogated this witness as follows:

"Q. You spoke about that would be a good piece of property, but it needed some cleaning up? A. Yes, that's right.

"Q. Would you please tell the jury what it would cost— A. It would cost you to fix the house up and all, it would cost you about two thousand dollars. I am figuring for all of it. I am figuring the whole house, that is the inside and out, to clean it up and fix it up."

Under the circumstances disclosed above it is our opinion that error is not shown. Since appellant brought out the cost of needed repairs on the house, appellee was entitled to show the enhanced value of the property which would result from such repairs.

We have recently and fully discussed the admissibility of evidence relating to the market value of real property in Thompson v. Janes, Tex.Civ.App., 245 S.W.2d 718, affirmed, Tex.Sup., 251 S.W.2d 953. The views and rules therein stated fully sustain the admissibility of the evidence in question.

■ Appellant's last two points relate to the following unanswered question asked appellant's witness Cuff by counsel for appellee on cross-examination:

"Q. You didn't go out there and pay McDermott $4300 for a piece of property right across the street over here —"

Mr. Cuff was a realtor and had appraised real property including the land in suit, for the City of Denison.

Just prior to asking the question set out above Mr. Cuff had denied having anything to do with the purchase of the McDermott property by the city except to appraise it.

Appellant objected to evidence as "to any prices paid for any other property" on the ground that such evidence was irrelevant, immaterial and prejudicial.

As stated the question was not answered but appellant moved for a mistrial on the ground that the mere asking of the question was incurable error. This motion being overruled appellant, without waiving his motion, requested the court to instruct the jury to disregard the question which the court did in these words:

"Gentlemen of the jury, I instruct you not to consider for any purpose whatsoever the last question of counsel inquiring if the witness didn't go out and offer McDermott a sum of money."

The record shows, in connection with this matter, that the trial court had to pound on his desk to interrupt counsel for appellee in order that counsel for appellant could state his objections to the question propounded. The court then instructed counsel to extend each other the courtesy

that both were entitled to and that when an objection was being made to wait until the court had had an opportunity to rule before proceeding.

The trial court, as gathered from his instruction to the jury, construed the question as relating to an offer. So construed the evidence would have been inadmissible. Abramson v. City of San Angelo, supra.

Also, if the inquiry was concerning a forced sale, the evidence was likewise inadmissible. Too Fan v. El Paso, Tex.Civ. App., 214 S.W.2d 158 (El Paso).

If, however, the question concerned an appraisal made by this witness of similar property at a time not remote then we are convinced that the evidence would have been admissible as fair cross-examination of this appraiser witness.

█ The only issue which we must decide is whether the mere asking of the question was reversible error.

Considering the instruction given the jury by the court, the nature of the question asked and the record as a whole we are of the opinion that the error in asking such question, if any, did not amount to such a denial of the rights of appellant as to cause the return of an improper verdict or rendition of an improper judgment. Rule 434, T.R.C.P.; York v. Glenn, Tex.Civ. App., 242 S.W.2d 653 (Fort Worth). See also Larnce v. Massachusetts Bonding Ins. Co., Tex.Civ.App., 121 S.W.2d 392 (Waco, writ dism.); Culpepper v. Lloyds America, Tex.Civ.App., 140 S.W.2d 330 (San Antonio, writ dism., judg. cor.).

Appellant relies principally upon the case of State v. Layton, Tex.Civ.App., 147 S. W.2d 515 (Eastland). The Court there held it was error, in a condemnation case, for defendant's counsel to ask plaintiff's witness on cross-examination "Don't you know it to be a fact that Hill was paid $700.00 for two acres of land for right of way on the same road near defendants' land?", the record showing that plaintiff's witnesses evaluated defendant's land at from $50 to $100 per acre.

There were other errors in the case calling for a reversal and no application for writ of error was made to the Supreme Court. Also, the case was tried and decided in the appellate court before the adoption of the present Rules of Civil Procedure. Under these Rules, particularly 434, the burden was upon appellant to show that the error, if any, probably resulted to his prejudice. American National Bank of Austin v. Sheppard, Tex.Civ.App., 175 S.W. 2d 626 (Austin, writ ref. w. o. m.).

The record in this case does not show that the McDermott property was similar to appellee's property, nor does it show the size or quantity of such property. It is referred to only as a vacant lot. Thus it is impossible to compare the value placed on the McDermott property with the value placed on the property in suit. Hence no harm was done in asking the question. This is quite different from the facts in the Layton case, supra, where there was a large variation in the value per acre of adjacent land.

Having previously stated our conclusion upon this point and having adversely disposed of all assignments made by appellant, it is our duty to affirm the judgment of the trial court. It is so ordered.

Affirmed.