**Orvadean LIVELY, Appellant,**

v.

**BLUE CROSS HOSPITAL SERVICE, INC., Appellee.**

**No. 4581.**

Court of Civil Appeals of Texas, Eastland.

Dec. 1, 1972.

Rehearing Denied Dec. 21, 1972.

Mike Willatt, Houston, Mays, Moore, Dickson & Roberts, Inc., R. Temple Dickson, Sweetwater, for appellant.

Nunn, Griggs, Beall & Wilks, Charles R. Griggs, Sweetwater, for appellee.

McCLOUD, Chief Justice.

This is a workmen's compensation case. The facts are undisputed. Orvadean Lively sought workmen's compensation benefits, including medical expenses, from Texas Compensation Insurance Company, her employer's workmen's compensation insurance carrier. Blue Cross Hospital Services, Inc., intervened and alleged that it had, by mistake, paid on behalf of Lively medical expenses amounting to $9,236.40. Texas Compensation Insurance Company admits that it is liable for the $9,236.40 of medical expenses in question. It was stipulated that the medical expenses were incurred by Lively and paid by Blue Cross.

The issue to be decided is whether Lively, the injured employee, or Blue Cross, the employer's group hospitalization and medical insurance carrier, is entitled to recover the $9,236.40 of medical expenses. The trial court held in favor of Blue Cross. Orvadean Lively has appealed. We reverse and render.

Lively contends that she should recover under Section 7 of Article 8306, Vernon's Ann.Civ.St., since the medical expenses were incurred after the workmen's compensation carrier had received notice of her injury and had failed, refused and neglected to provide medical treatment. Blue Cross contends that Lively was not entitled to benefits under the group hospitalization and medical policy, because the policy excluded any injury or sickness covered by workmen's compensation insurance. Blue Cross says the medical expenses were paid as a result of a mistake of fact and it is entitled to restitution.

Lively argues that the medical expenses are exempt from the claim of Blue Cross under Section 3 of Article 8306, V.A.C.S., which provides in part as follows:

"All compensation allowed under the succeeding section herein shall be exempt from garnishment, attachment, judgment and all other suits or claims, and no such right of action and no such compensation and no part thereof or of either shall be assignable, except as otherwise herein provided, and any attempt to assign the same shall be void."

In Norwich Union Indemnity Co. v. Wilson, 43 S.W.2d 473 (Tex.Civ.App., Dallas 1931, Aff'd Tex.Com.App., 67 S.W.2d 225), Globe Indemnity Company intervened in a workmen's compensation case and sought recovery of $928 which it had, by mistake, paid to or on behalf of, the injured employee. While discussing the exemption contained in Section 3 of Article 8306, V.A. C.S., the Court said:

"As to the appeal prosecuted by intervener, it is only necessary to say that it affirmatively appears from the record that intervener had no right to intervene herein. The Texas Workmen's Compensation Act exempts all compensation paid thereunder from garnishment, attachment, judgment, and all other suits or claims; therefore intervener had no interest to protect that could be effected by the proceedings."

The intervenor, Globe Indemnity Company, did not file an application for writ of error, therefore, the Supreme Court opinion in 67 S.W.2d 225 does not discuss the problem involved here.

Blue Cross says that the opinion of the Court of Civil Appeals in Norwich Union Indemnity Co. v. Wilson, supra, is distinguishable because there the injured employee was not seeking recovery of medical expenses. Blue Cross contends that the exemption in Article 8306, Section 3, V.A. C.S., applies only to weekly compensation benefits and not to medical expenses incurred by the employee. We disagree.

In Highlands Insurance Company v. Daniel, 410 S.W.2d 491 (Tex.Civ.App., Tyler 1967, writ ref. n. r. e.), the employee in a workmen's compensation case sought recovery for medical services rendered by a veterans hospital. The compensation insurance carrier argued that the employee should not recover for medical services rendered by the hospital because the employee had assigned his claim to the Veteran's

Administration. While holding that Section 3 of Article 8306, V.A.C.S., applied to medical benefits provided for in Section 7, Article 8306, V.A.C.S., the Court said:

"The answer to this contention by appellant is Article 8306, Section 3, of the Texas Compensation Act, Vernon's Ann. Civ.St., which provides that an assignment of compensation benefits by an employee is void. This statute has been held to prevent an assignment of an employee's compensation as wholly void. Felker Lumber Company et al. v. Superior Insurance Company, Tex.Civ.App., 272 S.W.2d 161, and authorities therein cited."

■ The rule is well established that the Workmen's Compensation Act should be liberally construed in favor of the injured workman. Even though the claim of Blue Cross for restitution might be otherwise proper, it nevertheless cannot be successfully asserted in Lively's suit for workmen's compensation. We hold that the medical expenses incurred by Lively were, under Section 3, Article 8306, V.A.C.S., exempt from the claim of Blue Cross. The judgment of the trial court is reversed and rendered.