**Roland C. VAN DEUSEN, Appellant,**

v.

**CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Appellee.**

No. 17536.

Court of Civil Appeals of Texas, Fort Worth.

Oct. 11, 1974.

Busch, Leeper, Priddy & Gabert, and Charles Leeper, Fort Worth, for appellant.

Law, Snakard, Brown & Gambill, Robert M. Randolph and Dennis Swift, Fort Worth, for appellee.

## OPINION

BREWSTER, Justice.

The plaintiff, Roland C. Van Deusen, individually and as administrator of the estate of his deceased wife, Merle Van Deusen, filed this suit against the defendant, Connecticut General Life Insurance Company, seeking to recover on a group health insurance policy that provided coverage for the plaintiff and his wife should they become ill and require hospitalization and medical care. The defendant, insurance company, filed a cross-action against plaintiff alleging that prior to the occasion when the illness involved occurred that as a result of a mutual mistake of the parties it had paid to the plaintiff and his wife benefits under the same policy that it did not actually owe to them. The defendant prayed that plaintiff take nothing or in the alternative that this sum that it paid by mistake to plaintiff and his wife be set off against the sums that it did owe to plaintiff under the policy sued upon.

Following a jury trial a judgment was rendered decreeing that plaintiff take nothing by his suit and plaintiff is here appealing from that decree.

We affirm.

The following facts were either undisputed or were stipulated by the parties: on March 18, 1970, the plaintiff's wife, Merle Van Deusen, was an employee of Harris Costumes; Harris Costumes then had in force a policy of workmen's compensation insurance issued to it by United States Fidelity and Guaranty Insurance Company; on March 18, 1970, while she was on the job working for her employer, Harris Costumes, the plaintiff's wife, Merle Van Deusen, suffered a heart attack by reason of which she was hospitalized for three weeks; and on April 30, 1970 she was hospitalized for another period of time; as a result of those illnesses Merle Van Deusen incurred $3,274.01 in doctor and hospital bills; at all times material here the group insurance policy that was here sued on by plaintiff was also in full force and effect; this group policy had been issued by the defendant to Jerome Tailors, the employer of plaintiff, Roland C. Van Deusen, and it provided coverage for the plaintiff and his wife, Merle Van Deusen, in the event they became ill and required hospitalization,

surgery, etc.; on March 23, 1971, Merle Van Deusen had cancer and by reason thereof she entered a hospital and remained there until she died on May 7, 1971; by reason of this last illness she reasonably and necessarily incurred a doctor's bill of $429.00 and a hospital bill of $2,675.45; these two items are the ones plaintiff seeks to recover in the suit he here brought against the defendant on the group policy.

The group insurance policy involved here contained the following clause:

"No payment will be made under this policy for expenses incurred by an Employee or a Dependent

" . . .

"2. for or in connection with a sickness for which the Employee or Dependent is entitled to benefits under any workmen's compensation or similar law."

After Merle Van Deusen incurred the $3,274.01 in expenses in connection with the heart attack in 1970, she did on June 12, 1970 execute a notice of injury and a claim for compensation and filed them with the Industrial Accident Board. Therein she made a claim that the heart attack was an injury that she sustained in the course of her employment for her employer and that she was hospitalized from March 18, 1970 to April 8, 1970, and again from April 30, 1970 to May 17, 1970 as a result thereof. United States Fidelity and Guaranty Insurance Company advised plaintiff that they would not pay workmen's compensation insurance on this claim. The Van Deusens then advised the defendant, insurance company, that the compensation carrier had refused to pay the claim for workmen's compensation insurance and they then filled out a claim with defendant under the group policy for all the expenses they had incurred between March 18, and May 17, 1970, in connection with the 1970 heart attack. When this defendant was advised from several sources that the compensation claim plaintiff had made in connection with the 1970 heart attack and the two 1970 periods of hospital-

ization had been denied by that compensation carrier, this defendant issued checks totaling $3,274.01 in payment of hospital bills and doctor bills that the Van Deusens had incurred by reason of Merle Van Deusen's March 18, 1970, heart attack and the two periods of hospitalization that followed between March 18, 1970 and May 17, 1970.

These payments were made by the defendant about August 7, 1970, on the assumption that the Van Deusens were not entitled to workmen's compensation benefits by reason of the 1970 heart attack, and by reason of the two periods of hospitalization she had in 1970. The group policy provisions clearly excluded coverage if the loss was covered by workmen's compensation insurance.

On August 19, 1970, after defendant had paid these bills for the Van Deusens, the Van Deusens employed an attorney to further prosecute the compensation claim for them. This claim reached the courts and while the case was being tried a settlement agreement was reached whereby a judgment for $5,300.00 was rendered on April 7, 1971, in favor of the Van Deusens and against United States Fidelity and Guaranty Company. This judgment awarded plaintiff workmen's compensation insurance on the theory that the heart attack was an injury sustained in the course of Merle Van Deusen's employment.

In this case in response to special issues the jury found that the defendant paid for the Van Deusens the $3,274.01 in medical expenses that they had incurred for the 1970 heart attack as a result of a mutual mistake of facts in which both plaintiff and defendant believed that Mrs. Van Deusen's heart attack on March 18, 1970, did not arise from her employment.

The trial court concluded that the defendant owed to plaintiff under the group policy the sums that plaintiff sued for arising out of Merle Van Deusen's hospitalization for cancer from March 23, 1971 to May 7, 1971. These sums totaled $3,104.45. Since the jury found that it was as a result of a mutual mistake that defendant had

paid for plaintiff $3,274.01 in benefits to cover the expenses plaintiff incurred in 1970 in connection with the heart attack and the two periods of hospitalization, the trial court set that sum off against the $3,104.45 that defendant owed to plaintiff and rendered judgment that plaintiff take nothing by his suit.

■ In plaintiff's first point of error he contends that the trial court erred in allowing the counterclaim and setoff to defendant, Connecticut General Life Insurance Company. He says that this allowance was erroneous and void because the setoff was made against workmen's compensation benefits that had been paid to the Van Deusens for Merle Van Deusen's alleged injury of March 18, 1970. He contends that the setoff is in violation of Art. 8306, Sec. 3 of the Texas Workmen's Compensation Act.

We overrule this point.

Article 8306, Sec. 3, Vernon's Ann.Texas Civ.St., provides in part as follows:

"All compensation allowed under the succeeding sections herein shall be exempt from garnishment, attachment, judgment and all other suits or claims, and no such right of action and no such compensation and no part thereof or of either shall be assignable, except as otherwise herein provided, and any attempt to assign the same shall be void. . . ."

It is our conclusion that the trial court did not, under the facts of this case, set off the sums found to have been mistakenly paid by defendant to plaintiff against workmen's compensation insurance that had been awarded to plaintiff.

The money owed to plaintiff by defendant and against which the setoff was made was owed under the group health policy. The setoff was not made against compensation that was allowed under the Workmen's Compensation Law. For this reason, Art. 8306, Sec. 3, V.A.T.S. does not apply to the facts involved here.

The plaintiff relies on the cases of Lively v. Blue Cross Hospital Service, Inc., 488

S.W.2d 474 (Eastland Tex.Civ.App., 1972, refused, n. r. e.) and Norwich Union Indemnity Co. v. Wilson, 17 S.W.2d 68 (Dallas, Tex.Civ.App., 1929, writ dism.), to support his point. Both of those cases involved instances where an insurance company had erroneously paid benefits to an insured and later discovered that the insured was seeking workmen's compensation benefits from the injured party's compensation carrier for these same expenses. In both of those cases the insurance company intervened in the suit for workmen's compensation and sought therein to have awarded to it as a reimbursement of the sums it had mistakenly paid to the workman a part of the workmen's compensation insurance that the workman sought in that case to recover. Those courts properly held that such relief would be in violation of Art. 8306, Sec. 3, V.A.T.S.

Those cases are obviously different from the one here and do not control a decision of the question before us. Our conclusion is even inferentially supported by the following statement from the opinion in the Lively case appearing in 488 S.W.2d at page 476: "Even though the claim of Blue Cross for restitution might be otherwise proper, it nevertheless cannot be successfully asserted in Lively's suit for workmen's compensation."

### THE QUESTION OF JUDICIAL ESTOPPEL

The trial court ruled that the plaintiff, Roland C. Van Deusen, and his wife, were judicially estopped to deny in this case that the March 18, 1970, heart attack was job related and that it was an injury for which his wife was entitled to benefits under the Texas Workmen's Compensation Law.

In defending the cross-action filed herein by the defendant group insurance carrier, the Van Deusens sought to offer evidence to show that Merle Van Deusen's March 18, 1970, heart attack and the expenses they incurred in connection with the two 1970 periods of hospitalization were not from injuries sustained in connection

with her employment for which she was entitled to benefits under the Texas Workmen's Compensation Law. This position is the direct opposite to the contention the Van Deusens had taken in the compensation case.

Plaintiff's second point of error is that the trial court erred in excluding evidence of chest pain that Merle Van Deusen incurred on April 30, 1970.

And plaintiff's third point of error is that the trial court erred in excluding evidence concerning Merle Van Deusen's heart attack of March 18, 1970.

Plaintiff sought to introduce this evidence in an effort to show that the March 18, 1970 heart attack and the two 1970 hospital stays that she had following it did not arise out of a sickness for which she was entitled to benefits under a workman's compensation law.

The trial court made the rulings complained of in the two points of error on the theory that the doctrine of judicial estoppel barred the plaintiffs from offering such evidence in support of their contention in this case that the March 18, 1970 heart attack and the two 1970 hospital stays did not arise out of a sickness for which Merle Van Deusen was entitled to receive workmen's compensation benefits under the Texas Compensation Law.

We overrule plaintiff's second and third points of error.

The group policy issued by defendant under which it paid for the Van Deusen's $3,274.01 in benefits following her 1970 heart attack and two hospital stays expressly provided in substance that no benefits would be due under it for expenses that arose out of any sickness for which the insured was entitled to any workmen's compensation benefits.

Following the heart attack of March 18, 1970, Merle Van Deusen was in the hospital from March 18, 1970 to April 8, 1970, and again from April 30, 1970 to May 17, 1970. The jury here found that it was as a result of a mutual mistake of the parties that the defendant here in August, 1970,

paid $3,274.01 in benefits under the group policy to defray expenses that Merle Van Deusen incurred in treating the heart attack and in staying in the hospital on those occasions.

After the heart attack, Merle Van Deusen filed a claim for compensation and notice of injury with her employer's compensation carrier and with the Industrial Accident Board, wherein she stated in substance that on March 18, 1970, while working for her employer, she sustained an accidental injury in that she then suffered a heart attack which resulted in her being hospitalized from March 18, 1970 to April 8, 1970, and again from April 30, 1970 to May 17, 1970 (Defendant's Exhibit No. 11).

After the compensation carrier had refused to pay workmen's compensation benefits and after the defendant had been so advised and had paid the Van Deusens the $3,274.01 in benefits, the Van Deusens employed an attorney and began anew to prosecute the workmen's compensation claim on the theory that the March 18, 1970 heart attack was an injury sustained in the course of Mrs. Van Deusen's employment.

Later the Industrial Accident Board awarded her compensation and the insurer appealed. Merle Van Deusen filed a cross-action in the case wherein she alleged that she sustained an injury on March 18, 1970, while working for her employer and that she incurred doctor and hospital bills as a result thereof and sought to recover compensation insurance because of such injury.

The above referred to petition and the claim for compensation filed by Merle Van Deusen were not sworn to.

The parties began trying Merle Van Deusen's suit for workmen's compensation and during the trial they settled the case by entering an agreed judgment awarding the Van Deusens $5,300.00 in workmen's compensation insurance.

Attached to the agreed judgment was the affidavit of Merle Van Deusen executed on April 5, 1971, which affidavit was made

a part of the papers in the case and filed therein. In it she swore that *she had received the settlement money* and that "in consideration of such payment, I do hereby release (the carrier and the employer) from *any and all claims for compensation arising out of the injuries (heart attack) which I claim to have received while working for such employer on or about March 18, 1970 . . .*" (Emphasis supplied.)

The agreed judgment in the compensation case provided in substance the following: that the parties had settled all claims for compensation that were involved in that suit for $5,300.00; *that at the final hearing of the settlement agreement the court heard the sworn testimony of Merle Van Deusen and based thereon found that on March 18, 1970 she was an employee of Harris Costumes to whom the compensation carrier had issued a policy of workmen's compensation insurance and that Merle Van Deusen claims that on March 18, 1970 she sustained a heart attack in the course of her employment which totally disabled her.*

This judgment in the compensation case was introduced into evidence during the trial of this case (DX 20). In Merle Van Deusen's cross-action in the compensation case she alleged in substance that she sustained an on-the-job injury on March 18, 1970, in that she sustained the heart attack. She also sought therein to recover the doctor bills and the hospital bills that she incurred on her two 1970 stays in the hospital.

In the compensation case the deposition of Merle Van Deusen was taken. It was offered into evidence during the trial of this case. She, in that deposition, gave testimony under oath in substance as follows: that she knew that a deposition was a sworn statement; that she had suffered a heart attack on March 18, 1970 and had filed a workmen's compensation claim for that heart attack; that she was not claiming any other kind of disability other than the heart attack and the things that extended from it; that she sustained this

heart attack while working on the job and while she was under mental strain from being delinquent on an order for about two weeks; and she also testified as to the hospital bills she incurred during the two 1970 hospitalizations.

It is the plaintiff's position on this appeal that the trial court had erroneously held that judicial estoppel applied to the facts of this case. They contend that the doctrine of judicial estoppel only applies in instances where the person sought to be estopped has filed a formal pleading in a prior case, under oath, asserting a contrary position there.

The doctrine of judicial estoppel is stated in 22 Tex.Jur.2d 689 as follows: "A party who has made a sworn statement in the course of judicial proceedings may not be heard afterward to maintain a contrary position in the absence of proof that the averment was made inadvertently, or by mistake, fraud, or duress."

We hold that it is not necessary that the sworn statement giving rise to the estoppel occur in sworn pleadings. It can occur in sworn pleadings, depositions, oral testimony, or in an affidavit such as that which the parties had attached to the agreed judgment and filed in the papers in the compensation case involved here. Long v. Knox, 155 Tex. 581, 291 S.W.2d 292 (1956) (pleading); Corder v. G. B. Sprouse & Co., 20 Tenn.App. 486, 100 S.W.2d 1001 (1936, cert. denied) (pleading); and Williams v. Nottingham, 19 Tenn.App. 162, 84 S.W.2d 114 (1935, cert. denied) (in deposition and affidavit filed in another case).

This doctrine of judicial estoppel arose and was developed in the courts of Tennessee. See 11 Southwestern Law Journal 96, at page 97.

The evidence before the trial court showed without dispute that on three occasions during the course of a prior judicial proceeding (the workmen's compensation case) Merle Van Deusen had made sworn statements contending that the heart attack she sustained on March 18, 1970, was an

injury for which she was entitled to receive workmen's compensation insurance. It was by virtue of making those contentions that she was awarded $5,300.00 of workmen's compensation insurance.

The trial court correctly held that the doctrine of judicial estoppel prevents the Van Deusens from maintaining a contrary position in this case to the effect that the heart attack was not an injury that she received on the job for which she was entitled to receive workmen's compensation insurance.

In plaintiff's fourth point of error it is contended that the trial court erred in failing to sustain plaintiff's objection to the charge as a whole on the grounds the court erred in failing to submit an issue inquiring whether the heart attack of April 30, 1970 was related to or arose out of Merle Van Deusen's employment as was requested by plaintiff.

In plaintiff's fifth point of error it is contended that the trial court erred in failing to sustain plaintiff's objection to the court's charge as a whole on the grounds the court failed to submit plaintiff's requested issue inquiring whether the heart attack of March 18, 1970 was related to or arose out of Merle Van Deusen's employment.

We overrule both of those points.

The requested issues referred to in those points do not appear in the transcript. The plaintiff sought to have those issues submitted in support of his contention being made in this case that Merle Van Deusen's heart attack and the expenses incurred in connection therewith were not job related and that such heart attack was not an illness for which Merle Van Deusen was entitled to recover workmen's compensation insurance.

Since the plaintiff was judicially estopped from making that contention in this case, as we have held above, the trial court could not and did not commit reversible error by overruling the objections to the court's charge that are complained of in plaintiff's fourth and fifth points of error.

In plaintiff's sixth point of error it is contended that the trial court erred in failing to sustain plaintiff's objection to special issue No. 4 because there was no evidence of a mistake on the part of the insurance company.

We overrule this point.

Issue No. 4 was: "Do you find (etc.) that Defendant paid $3,043.33 for medical expenses on August 7, 1970, as a result of a mutual mistake of fact in which both Plaintiff and Defendant believed that Mrs. Van Deusen's heart attack on March 18, 1970, did not arise from her employment?"

The evidence showed that a Mr. Gallagher was the claim agent in charge of handling for the defendant the Van Deusen claim that arose in 1970. It was his job to decide whether or not to pay the claim. The evidence showed that defendant delayed in making any payment on the Van Deusen claim until after the compensation carrier had denied liability on the claim. At the time Gallagher caused defendant to pay the funds to the Van Deusens, Gallagher believed that Mr. Van Deusen's heart attack in question did not arise out of her employment and he also believed that they would not further pursue their claim for workmen's compensation insurance by reason of the heart attack.

In plaintiff's seventh point of error he contends that the court erred in failing to submit plaintiff's requested issue inquiring which medical expenses were incurred by Merle Van Deusen for the March 18, 1970 hospitalization and which expenses were incurred for the April 30, 1970 hospitalization.

We overrule this seventh point of error because the plaintiff failed to brief it. Under those circumstances the point is waived. Smith v. Davis, 453 S.W.2d 340 (Fort Worth, Tex.Civ.App., 1970, ref., n. r. e.); West Texas Utilities Company v. Bergstrom, 458 S.W.2d 548 (Eastland, Tex.Civ.App., 1970, ref., n. r. e.); and Cortez v. Cortez, 457 S.W.2d 131 (San Antonio, Tex.Civ.App., 1970, no writ history).

In this connection it is noted that the plaintiff urged seven points of error on the appeal. He only had one argument and authorities and under it he sought to argue the entire appeal. We find no reference made in this argument and authorities to the matters complained of in this seventh point of error.

 Another reason why we overrule this point is because the record does not show that the plaintiff requested the court to submit issues such as those referred to in the point. See Rule 272, Texas Rules of Civil Procedure. No such requested special issues appear in the transcript with the court's refusal endorsed thereon.

The judgment is affirmed.