**J. L. GIBSON, Appellant,**

**v.**

**L. D. JOHNSON et al.**

**No. 258.**

Court of Civil Appeals of Texas.

Tyler.

March 30, 1967.

Rehearing Denied May 4, 1967.

Ernest L. Sample, Beaumont, for appellant.

Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Henry H. Rogers, Lufkin, for appellees.

MOORE, Justice.

This is an appeal from a summary judgment. Appellant, J. L. Gibson, brought suit against L. D. Johnson and the Brotherhood of Locomotive Engineers for damages alleging that he was a member in good standing with the Brotherhood and that as such Johnson and the Brotherhood had the contractual obligation to represent him in handling grievances against his former employer, Missouri Pacific Railroad Company; that on or about December 5, 1950, appellant while engaged in his duties as a locomotive engineer for Missouri Pacific received personal injuries as a result of which he was disabled from performing his duties and was therefore laid off and out of service because of his condition until July 5, 1958; that on said date he had fully recovered and was able to resume his employment as an engineer; that on said date Johnson was the chief officer and agent of the Brotherhood and was charged with the responsibility of representing the appellant in the preparation and presentation of his request to the railroad company to return to active duty; that he requested Johnson and the Brotherhood to represent him in his application for reinstatement; that because of some ill will against him,

Johnson and the Brotherhood, either intentionally or negligently, failed to properly present his claim to return to work. Specifically, he alleged that the appellees negligently failed to make a timely appeal of his claim to the National Railway Adjustment Board and also refused to allow his attorneys to participate in the hearing before the board; that as a direct and proximate result of the conduct of Johnson, which was condoned or participated in by the Brotherhood, appellant's application to return to work was denied and that by reason thereof he was entitled to compensatory and punitive damages against Johnson and the Brotherhood in the sum and amount of $250,000.00.

Appellees Johnson and the Brotherhood denied the allegations, both generally and specially, and filed a motion for summary judgment. In the motion for summary judgment, appellees offered evidence showing that appellant had suffered an injury while in the course of his employment with the railroad company in 1950 and as a result appellant had brought a suit against his employer, Missouri Pacific Railroad Company, for total and permanent disability; that in said suit appellant alleged that he was totally and permanently disabled; that his cause was finally submitted to a jury under instructions allowing the jury to award appellant damages for all past and future loss of earnings, as well as damages for all past and future pain and suffering; that as a result, the jury awarded appellant the sum of $32,500.00; that appellant ultimately collected the judgment in that amount in March, 1958; that within approximately four months thereafter, on July 5, 1958, appellant filed a request with the railroad company requesting a return to duty as an engineer. The railroad refused the request. Thereupon, appellant sought the services of Johnson and the Brotherhood in the further presentation of his claim for restoration to duty with pay commencing on July 5, 1958. Johnson presented appellant's application to the various levels of railroad officials and being unsuccessful,

thereafter appealed the appellant's claim to the National Railway Adjustment Board, hereinafter referred to as NRAB, which board also denied appellant's claim for reemployment, by an award dated October 31, 1963.

The award of the NRAB was attached to and made a part of appellees' motion for summary judgment. The original award, as well as the subsequent interpretative opinion and supporting opinion, makes it clear that the reason for the ruling of the board denying appellant the right to return to work as an engineer was because of the fact that he had previously filed a suit claiming total and permanent disability in which he recovered the sum of $32,500.00, and was therefore estopped to take a contrary position in his application for reinstatement, and the award also makes it clear that such facts were the sole and only reason for the award denying his right to return to work with the railroad. The award, together with the interpretative opinion and the supporting opinion, further shows that the board afforded appellant a full hearing on the merits of his claim and that the decision denying appellant's claim was not based upon any failure of the appellees to perfect any step in presenting the claim within the time limit prescribed. In reply to a dissenting opinion, the majority filed a supporting opinion which reads in part as follows:

"The dissenters quite ineffectively complain against the well established rule enunciated time and again that once a plaintiff declares in Court he is permanently unable to perform work, in the future, at his railroad occupation, and offers proof in substantiation of his disability, he is no longer in position to claim, with respect to any alleged future rights or privileges, further employment under his prior employment contract."

Immediately following this, the board cited many cases and prior NRAB decisions announcing the rule of law that once a plaintiff has obtained a judgment against

his employer for total and permanent disability as a result of an injury sustained in the course and scope of his employment, he is estopped from claiming any right to return to work for that employer. The award further stated that: "This was a simple case of a demand for return to service, wholly inconsistent with an F. E. L. A. trial had on that very issue. (See Jay Lee Gibson v. Guy A. Thompson, Trustee, Missouri Pacific Railroad Company, N. O. T. & M. Ry. Co., District Court of Harris County, Texas, 129th Judicial District, Court of Civil Appeals, 290 S.W.2d 305, Supreme Court of Texas, 298 S.W.2d 97, Cert. granted by The Supreme Court of the United States, 355 U.S. 18 [78 S.Ct. 2, 2 L.Ed.2d 1], rehearing den., 355 U.S. 900 [78 S.Ct. 258, 2 L.Ed.2d 197])."

Appellant filed nothing in response to the motion for summary judgment.

After a hearing, the trial court rendered judgment reciting that the court was of the opinion and found that the evidence presented in connection with the motion for summary judgment shows that, except for the amount of damages, there was not a genuine issue of material fact and that the appellees were entitled to a summary judgment as a matter of law.

Appellant excepted to the ruling of the court and perfected this appeal in which he insists that the trial court erred in granting the summary judgment because the evidence contained in the depositions on file in the cause raised a genuine issue of fact upon the questions of (1) whether appellees acted intentionally or in bad faith in presenting his claim; (2) whether appellees negligently failed to timely file his appeal with the NRAB; and (3) whether they intentionally or negligently refused to allow his attorney to participate in the proceedings.

Appellees contend that since the record shows conclusively that appellant had filed suit and collected for total and permanent disability against the railroad, appellant was estopped from asserting a right to return to work. Consequently, they assert that since successful prosecution of his claim was

impossible, appellees' conduct in presenting his fruitless claim before the NRAB could not, as a matter of law, have been a causal factor in the adverse ruling and therefore their conduct was not a cause in fact of any damages suffered by appellant. We sustain the contention and affirm the judgment of the trial court.

■ A defendant moving for a summary judgment on the whole case assumes the negative burden of showing as a matter of law that the plaintiff has no cause of action against him, or that plaintiff's claim is barred as a matter of law by an affirmative defense. McDonald, Texas Civil Practice, Vol. 4, Sec. 17.26.1; Kellner v. Blaschke, (Tex.Civ.App.) 334 S.W.2d 315.

■ In determining a motion depending upon extrinsic evidence, the court's task is analogous to that which he performs on a motion for directed verdict. He accepts as true the pleading and all evidence of the parties opposing the motion which tends to support such parties' contention, and gives him the benefit of every reasonable inference which properly can be drawn in favor of his position. McDonald, Texas Civil Practice, Vol. 4, Sec. 17.26; Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929.

■ Appellant alleged a cause of action in tort for damages resulting from misfeasance or nonfeasance of his agents in handling his claim of a right to return to work with the railroad. Because of the particular contractual relationship of agency involved here, it appears to us that the relationship of the parties was in many respects similar to that of attorney and client. For this reason, we think the rights of the parties would be controlled by the same rules governing the liability of an attorney to his client. In a situation involving the attorney-client relationship where the client seeks to recover against his attorney on the ground that the latter caused him to lose his cause of action, the burden of proof is on the client to prove that his suit would have been successful but for the negligence of his attorney, and to show what amount

would have been collectible had he recovered judgment. "The attorney stands in exactly the same position as that in which the defendant in the lost suit would have stood in the trial against him, and is entitled to present to the jury every fact that would have tended to lessen the damages against that defendant." 7 Tex.Jur.2d, Sec. 135, page 205.

Under the facts before us, we see no reason why the foregoing principles of law should not be applicable to the situation presented here.

■ Thus, in order for the principal (appellees) to prevail on motion for summary judgment and thereby defeat the agent's (appellant's) claim for damages for misfeasance or nonfeasance in handling his claim, the principal (appellees) would be required to conclusively show (1) that appellant would not have been successful even though the claim had been properly prosecuted or (2) that neither the alleged acts of misfeasance or nonfeasance proximately caused the adverse ruling or loss of his claim.

In Jones v. Central of Georgia Railway Company, (5th Cir., 1964) 331 F.2d 649, the court said:

" * * * The Trial Court did conclude that when an employee alleges and successfully proves in such a suit that he is permanently injured and disabled, rendering him unable in the future to perform the work of a switchman, or to do other manual labor, and is compensated for lost wages 'past, present and future' and the railroad company pays the full judgment pursuant to such a lawsuit, the railroad is not bound as a matter of law to retain the employee in its services with back pay. The Court grounded its decision on collateral estoppel. In our opinion the reasoning of the Trial Court is sound from a moral and a legal point of view in the circumstances of this case. * * "

In Hodges v. Atlantic Coast Line Railroad Company, (5th Cir., 1966), 363 F.2d 534, the court said:

"Without passing on the issue of estoppel, we feel compelled to say that we strongly disapprove of any practice which permits an employee to sue his employer claiming permanent and total disability establish his claim by proof which convinces the jury of the truth and justice of his allegations, obtain and collect a judgment, and then force his employer to reinstate him in his former position with back pay for time lost. The NRAB asserts that it recognizes and applies estoppel in appropriate cases, and that it has no sympathy for an employee who, by taking inconsistent positions, undertakes to collect twice for the same claim."

The court in that case went on to say: "It does seem to us that at some point in the procedure the matter of estoppel should have been considered and a decision rendered with respect to it."

■ The principle of collateral estoppel is recognized in this state. In Long v. Knox, 155 Tex. 581, 291 S.W.2d 292, the Supreme Court of this state said:

"The doctrine of judicial estoppel is not strictly speaking estoppel at all but arises from positive rules of procedure based on justice and sound public policy. It is to be distinguished from equitable estoppel based on inconsistency in judicial proceedings because the element of reliance and injury essential to equitable estoppel need not be present. 'Under the doctrine of judicial estoppel, as distinguished from equitable estoppel by inconsistency, a party is estopped merely by the fact of having alleged or admitted in his pleadings in a former proceeding under oath the contrary to the assertions sought to be made.' 31 C.J.S. Estoppel § 121, p. 390; Grier v. Canada, 119 Tenn. 17, 107 S.W. 970; Sartain v. Dixie Coal & Iron Co., 150 Tenn. 633, 266 S.W. 313. It has likewise been held that it is not necessary that the party invoking this doctrine should have been a party to the former proceeding. Hatten Realty Co. v. Baylies, 42 Wyo. 69, 290 P. 561,

72 A.L.R. 587; Corder v. G. B. Sprouse & Co., 20 Tenn.App. 486, 100 S.W.2d 1001."

Appellant recognizes the rule of estoppel as announced in the foregoing cases, but nevertheless insists that his pleadings alleging misfeasance and nonfeasance are sufficient to raise a fact issue upon the question of whether appellees properly presented the matter to the board. He seems to take the position that appellees should have in some manner convinced the board that estoppel was not applicable because his previous suit against the railroad was not in fact or in law a suit for total and permanent disability nor was the judgment large enough to show that he is being compensated for total and permanent disability. All proceedings in that suit were before the board, and based upon those proceedings, the board concluded that the facts sustained the railroad's defense of estoppel. The very same evidence is now presented to us for the purpose of showing that appellant's claim before the NRAB could not have been successfully prosecuted despite the conduct of appellees because of the legal barrier of estoppel. It is also presented to us for the purpose of proving the defense of estoppel in appellant's claim for damages.

■ In view of the law pronounced by the foregoing authorities, we have concluded that the evidence offered by the appellees in support of their motion for summary judgment is sufficient to establish the defense of estoppel and thereby defeat appellant's claim for damages. As we view it, the evidence conclusively shows that irrespective of any misfeasance or nonfeasance on the part of the appellees, appellant was estopped as a matter of law to claim his right to re-employment. The defense of estoppel having thus been shown to exist as a matter of law, the question of whether appellees were guilty of misfeasance or nonfeasance becomes immaterial. Since appellant's claim against the railroad for re-employment was barred by estoppel, his claim for damages against

appellees for misfeasance and nonfeasance in the prosecution of his claim would likewise be barred for the same reason. That is to say, appellant having alleged and proved in a former judicial proceeding in this state that he was totally and permanently disabled, he will not now be heard to say in this suit that he was not totally and permanently disabled for the purpose of establishing a cause of action against appellees for misfeasance or nonfeasance in presenting his claim before the NRAB. As we view it, the evidence was sufficient to establish facts which, if proven at the trial, would establish the defense of estoppel and thus entitle appellees to an instructed verdict.

The fact that appellees failed to perfect the appeal to the NRAB within the six months time as provided by the statute would not alter the situation because even though the appeal was filed late, the record conclusively shows that the NRAB nevertheless accepted the appeal on his claim for re-employment and determined same on its merits. Consequently, the conduct of appellees in this respect could not as a matter of law have been a cause in fact of the adverse decision denying appellant the right to return to work.

While the record does show that because of the late filing, the NRAB refused to consider that portion of appellant's appeal in which he claimed back pay commencing as of the date he filed his application to return to work, we think the record conclusively shows that appellant suffered no damages as a result thereof. Obviously, if appellant was disqualified from seeking re-employment by reason of his suit against the railroad for total permanent disability, he would have no right to receive back pay, and would not therefore be entitled to assert a claim for damages based upon an alleged substantive right which did not exist.

The judgment of the trial court is affirmed.