Jimmie F. ANDERSON, Appellant,

v.

Walter D. SNIDER, Appellee.

No. 09–89–096 CV.

Court of Appeals of Texas,
Beaumont.

Aug. 30, 1990.

Rehearing Denied Sept. 12, 1990.

Jimmie F. Anderson, appellant pro se.

Jo Ben Whittenburg, Orgain, Bell & Tucker, Beaumont for appellee.

## OPINION

PER CURIAM.

Appeal from a summary judgment which was adverse to Jimmie F. Anderson. The cause of action in the district court set forth that the Appellee, an attorney-at-law, had been guilty of malpractice as well as legal negligence. A further cause of action based on the breach of a contract and a case founded on a violation of the Texas Deceptive Trade Practices–Consumer Protection Act were pleaded by live pleadings. Appellee was a practicing attorney in Jefferson County. Appellee had undertaken to represent and did represent the Appellant in certain matters from some time in August of 1984 through about the middle part of February 1986. The legal representation was in connection with a prior divorce proceeding. Appellant's former husband was George Anderson.

The Appellant specifically pleaded that the defendant at the material times was an attorney-at-law in the practice of his profession as an attorney-at-law. The record

reflects that on or about August 21, 1985, Jimmie F. Anderson, the plaintiff below, retained and employed the defendant as an attorney-at-law to prosecute and to conduct in the 279th District Court of Jefferson County a defense against a certain motion to modify that was filed in that said court by her former husband, George G. Anderson. The motion to modify was seeking a decrease in child support. The child involved who was the subject of the said motion to modify was one Jennifer Lea Anderson, a female whose date of birth was set out as being May 17, 1977. In the motion to modify there were certain allegations concerning the possession and access of the child concerning certain weekends and summertime matters as well as Easter, Father's Day, Thanksgiving and Christmas. There was entered an order on the motion to modify in the suit affecting the parent-child relationship, certain visitation matters being modified. It was further ordered that George G. Anderson pay to Jimmie F. Anderson child support at the rate of $500 per month in two installments per month of $250 each on the first and fifteenth of each month. That order was signed January 16, 1986.

Thereafter, on February 12, 1986, there was signed by the judge presiding an "Amended Order on Motion to Modify And Second Amended Decree of Divorce." This amended order on the motion to modify specifically dealt with visitation matters such as weekends, holidays, and the summertime matters. Each period of possession was specifically dealt with in the February 12th amended order and the child support was increased to $700 per month in two installments per month of $350 each. The amended order further ordered that the money that was in the duPont Thrift Plan was by that very order made the sole and separate property of George G. Anderson. But in exchange for Jimmie's interest in the duPont Thrift Plan, Jimmie was awarded a money judgment in the amount of $7,800. This amended order was approved both as to form and substance by James A. Morris, attorney for George G. Anderson, the movant, and by George Anderson. The amended order was also approved by Walter D. Snider and Jimmie F. Anderson, as respondent. The February 1986 order certainly appears to be an agreed order. After the agreed order was entered, the Appellee withdrew from his legal representation of the Appellant with permission of all parties and the court.

It was against this background that the suit which is the basis of this appeal was filed. The Appellee filed a motion for summary judgment and then an amended motion for summary judgment which the court granted on January 3, 1989, acting upon the amended motion for summary judgment. In the affidavit attached to the Appellee's motion for summary judgment (being identified as Exhibit 1) the Appellee in a positive, direct and unequivocal manner swore that George Anderson had filed a motion to modify requesting the court to lower child support from $700 per month to $500 per month. This motion was filed in August of 1985. A hearing was scheduled on George's motion to modify child support for November 8. After the hearing of November 8, 1985, there was a reduction in child support from $700 per month to $500 per month.

By order signed and entered on January 16, 1986, this matter was accomplished, however, the Appellee swears that he did not approve that judgment either as to form or substance. Later on there was a motion for new trial filed. There was a hearing on February 12, 1986, and there was an agreed order entered which reinstated the child support back to the original amount of $700 per month, effective as of November 1985. After the agreed order was actually entered restoring the child support and making other provisions, the Appellee notes that he withdrew as attorney of record for Mrs. Jimmie Anderson. Certain docket sheets are attached as exhibits to the motion for summary judgment showing the activity after November 8, 1985, showing certain hearings and orders entered as of the month of January 1986. The docket reflects that in the early part of February 1986, there was an order entered setting the hearing on a motion for new

trial. It is very difficult to read with certainty the docket entry for February 13, 1986, but it reasonably appears that the modifications were granted as per the order on file. Shortly thereafter there was an order allowing Walter Snider to withdraw which was signed as per order on file. That docket notation is dated February 18, 1986.

As stated above, there was an amended motion for summary judgment filed and urged by Appellee. A second affidavit was attached to the amended motion for summary judgment. In the second affidavit the Appellee swore, and we think the documentary evidence in the court's records below bear out the fact, that an agreed order was entered which reinstated the child support to the amount of $700 per month. Certain attached correct copies of the Jefferson County Child Support ledger record shows that George Anderson has paid the child support in the amount of $700 per month. The affidavit states that the attorney acted properly and in the best interest of Mrs. Jimmie F. Anderson and that the attorney had not violated the Texas Deceptive Trade Practices Act and that he had not breached his contract in any way with Mrs. Anderson and had not been guilty of any negligence or malpractice and further, that Mrs. Anderson had suffered no damages or legal injury.

A certified court reporter took the testimony of Mrs. Anderson at the February 1986 proceeding. The attorney announced to the court in open court that the parties had reached an agreement and the parties were examined. We find in the record:

Q  Mrs. Anderson, is this your agreement?

A  Yes.

Q  You have read it—as a matter of fact, you typed it.

A  I typed it.

Q  And you understand it?

A  Yes, sir.

Q  And you're asking the Court to enter it and sign it as your and Mr. Anderson's agreement?

A  Yes.

Mrs. Anderson was further questioned and examined by the Appellee:

Q  Mrs. Anderson, we have a Motion for New Trial pending before this Court and an Amended Motion for New Trial. Is it your position that both of these Motions for New Trial should be withdrawn?

A  Yes, please.

Q  And, also, following the conclusion of this hearing, and after the entry of the order, you and Mr. Anderson have agreed that I will be withdrawing as your attorney of record.

A  Yes.

Q  And that's with your consent and permission and request.

A  Yes.

Then the Appellee attorney announced that he had one question for both parties as follows:

Q  By the entry of this order, both of you understand that any disputes that were in existence as of the day of this hearing are, in effect, taken care of by the entry of this order.

MR. ANDERSON: I understand.

MRS. ANDERSON: I understand.

Next, there was a question by Attorney James Morris:

Q  Mr. Anderson and Mrs. Anderson, do each of you feel that this is in the best interest and welfare of the child?

MR. ANDERSON: I do.

MRS. ANDERSON: I do.

Q  And do each of you thoroughly understand what you have done? Mrs. Anderson, you have contracted and agreed to the amount of child support?

MRS. ANDERSON: Yes.

Q  And, Mr. Anderson, you have agreed to pay that amount of child support?

MR. ANDERSON: Yes.

We conclude that it is a well-established rule that a defendant in order to be entitled to a successful motion for summary judgment must disprove one essential element of the plaintiff's pleaded cause of action. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827 (Tex.1970); *Poindexter v. Foster,* 772 S.W.2d 205 (Tex.App.—Beaumont 1989, writ den'd). We conclude that

the affidavit of the Appellee-attorney vitiates and eliminates the necessary, essential element of causation. Then under the reasoning and holding in *Poindexter, supra,* it became incumbent upon the Appellant to bring forward competent, expert testimony that would raise a genuine issue as to a material fact relative, of course, to the element of causation. *Poindexter, supra.* We conclude that the Appellant failed to produce such competent, expert opinion testimony or evidence.

The record reflects, we perceive, that the Appellant has failed to demonstrate that some ruling or order taken by the trial judge would have been meaningfully different except for the actions or inactions of the Appellee. We conclude the Appellant has failed to bring forward competent, expert evidence or testimony in this regard. See and compare *Gibson v. Johnson,* 414 S.W.2d 235 (Tex.Civ.App.—Tyler 1967, writ ref'd n.r.e.), *cert. den'd* 390 U.S. 946, 88 S.Ct. 1032, 19 L.Ed.2d 1135 (1968).

On the Appellant's theory of breach of contract we conclude that similar reasoning and rationale must be applied. The Appellee swore in a positive and direct manner that he did not in any wise breach or violate the Texas Deceptive Trade Practice–Consumer Protection Act and that he did not breach his contract and he was not guilty of any negligence or malpractice. Again, we conclude that the Appellant has failed to produce any competent evidence or testimony or any evidence or testimony from a properly qualified expert to raise a genuine issue of a material fact with respect to the alleged negligence, malpractice, breaching of the contract, or a violation of the statute relied upon.

■ Further, we determine that there was not an efficacious attempt on the part of the Appellant to offer any contract into evidence. Furthermore, there was no showing to establish the terms or conditions and provisions of any contract nor any of the alleged breaches of that said contract between the Appellant and Appellee. This case was, in its basic thrust, an alleged legal malpractice cause of action. We conclude that once a licensed attorney of record being the movant in a motion for summary judgment proceeding tenders expert opinion evidence which established the standard and proper conformity of his legal representation with the standard of care required; then, the client—being the non-movant—is obliged to bring forward expert testimony to contradict the movant's position. This evidence is necessary to establish a genuine issue of a material fact regarding alleged negligent malpractice by the attorney. See and compare *Birchfield v. Texarkana Memorial Hosp.,* 747 S.W.2d 361 (Tex.1987); *Poindexter v. Foster, supra.*

■ Even so, in the Appellant's affidavit of September 1988, she swore that she did meet with the Appellee and her ex-husband as well as the attorney for the ex-husband and that after the meeting she signed the Amended Order on the Motion to Modify And Second Amended Decree of Divorce. The Appellant stated that she *chose* to give up her personal future benefits so that her daughter might have a lifestyle consistent with her father's very comfortable circumstances. We interpret the verb "chose" as meaning to select, to decide, and to prefer. We think her choosing and preference were voluntary, free and willing; her preference being devoid of mistake, accident, fraud, duress, oppression or overreaching. In the said affidavit of Appellant there were set forth certain recitations which we conclude were in the nature of legal conclusions, if the same were not actual legal conclusions themselves. We think these matters do not comport with TEX.R.CIV.P. 166a. See and compare *Mercer v. Daoran Corp.,* 676 S.W.2d 580 (Tex.1984); *Brownlee v. Brownlee,* 665 S.W.2d 111 (Tex.1984). In practicality, we do not perceive that the Appellant was denied her rights under the Fourteenth Amendment to the Constitution of the United States. Her complaint is that she was not present and that therefore she did not have the opportunity to present evidence at the hearing of November 8, 1985. However, this was a civil proceeding and she was there represented by the Appellee and the record does reflect that the

Appellee appeared at that hearing as the attorney of record for the Appellant.

Next, the Appellant has a point of error to the effect that the trial court below failed to consider the entire record and also erred in granting the amended motion for summary judgment as filed by the Appellee herein. A thrust of the Appellant's argument is that the trial judge unfairly denied Appellant a trial inasmuch as he ruled, allegedly, without a cursory glance through the evidence on file in the record. However, the judgment entered below simply is contrary to Appellant's contentions in this regard. The trial court recited in substance that it had heard and considered the same motions along with the responses to both motions as well as the arguments and authorities of counsel. The court then specifically found that the plaintiff's motion for summary judgment should be denied, and further found that the defendant's amended motion for summary judgment should be granted. The bench also recited that the trial court further found with respect to the defendant's amended motion for summary judgment that there existed no genuine issue as to any material fact and; thus, the defendant was entitled to the summary judgment as a matter of law. As it is lacking in merit, we overrule this point of error.

As we understand this record, the Appellant agreed to the amended order and second decree and she clearly chose to do so. We have found no error below and we affirm the judgment.

AFFIRMED.