NUMBER 13-98-564-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


ROY TAVAREZ, Appellant,


v.



DAN ALFARO, INDIVIDUALLY,

DAN ALFARO & ASSOCIATES,

MICHAEL HOGUE, INDIVIDUALLY,

PATTERSON & ASSOCIATES, AND

JUAN BALDWIN, INDIVIDUALLY, Appellees.

____________________________________________________________________


On appeal from the 28th District Court of Nueces County,

Texas.

____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Hinojosa and

Yañez 

Opinion by Justice Hinojosa





 Appellant, Roy Tavarez, sued appellees Dan Alfaro, Dan Alfaro and
Associates, Michael Hogue, Patterson and Associates, and Juan
Baldwin for legal malpractice.(1) Appellees filed motions for summary
judgment, and the trial court granted the motions. By three issues,
appellant contends the trial court erred in granting summary judgment
because: (1) the appellees did not conclusively negate at least one
element of each cause of action asserted by appellant; (2) appellant
presented genuine issues of fact as to each element of each cause of
action asserted; and (3) any lack of notice under the Deceptive Trade
Practices -- Consumer Protection Act (DTPA) was waived. We affirm.

1. Background


 Appellant retained the law firm of Alfaro and Associates because
of health problems he believed had resulted from his exposure to
"Varsol," a chemical used at his former place of employment. Appellant
claimed that a "runner" from Alfaro and Associates came to his home,
solicited his case, and provided him with a contract in which Alfaro &
Associates agreed to assist him on "all causes of action and matters
arising out of and resulting from ." 
Appellant produced a copy of this document as summary judgment
evidence. The blank space is not filled-in, and the document is not
signed by Dan Alfaro or anyone from Alfaro & Associates. Appellant
further claimed that Alfaro & Associates agreed to "work together" with
him, and said they would "do everything we can to help."

 Alfaro and Associates denied appellant's rendition of facts
concerning the contract, but admitted they had been hired by appellant
to pursue a third-party products liability claim against the
manufacturer(s) of Varsol chemicals. Alfaro and Associates claimed
they made it clear to appellant that he would have to hire other counsel
for any workers' compensation claim he might have.

 Appellant hired Alfaro and Associates on March 13, 1998. On
March 25, 1998, Alfaro and Associates referred appellant's case to
Patterson and Associates. Patterson and Associates admits to being in
privity with appellant for the sole purpose of pursuing a third-party
products liability claim against the manufacturer(s) of Varsol chemicals.

 On May 17, 1993, appellant visited Dr. A. Lee Guinn, Jr. Dr.
Guinn determined that appellant suffered from obstructive lung disease
with chronic bronchitis, headache syndrome, fatigue syndrome,
intermittent pyrosis and weight loss of undetermined causation, and at
the time, was not able to rule out a possible brain injury. It was Dr.
Guinn's opinion that, while further testing was necessary to confirm
these diagnoses, Tavarez's condition probably resulted from exposure
to Varsol, a solvent, at work. On May 28, 1993, both law firms received
a report from Dr. Guinn regarding appellant's condition. On August 16,
1993, appellant filed his own Employee's Notice of Injury or
Occupational Disease and Claim for Compensation with the Texas
Workers' Compensation Commission (TWCC). Appellant's application
indicates he knew that his disease was work-related on May 17, 1993.

 Patterson and Associates claim they sent a letter to appellant on
November 2, 1993, withdrawing from his case. Appellant denies
receiving this letter. On November 11, 1993, appellant retained H.
Thomas Hirsch to handle his workers' compensation claim. On
November 19, 1993, Hirsch represented appellant at a TWCC benefit
review conference. The TWCC review officer declined appellant's
application, citing a failure to produce medical records or records from
his place of employment which indicated that his condition made him
unable to work. On December 8, 1993, Hirsch requested copies of
appellant's file from Patterson and Associates. On January 24, 1994,
Patterson and Associates belatedly sent appellant's file to Hirsch, and
four days later sent Dr. Guinn's most recent medical report concerning
appellant's health. 

 On March 2, 1994, Hirsch represented appellant at a benefit
contested case hearing before a TWCC tribunal. Appellant lost. The
tribunal made the following findings of fact and conclusions of law:

Findings of Fact:


(1) Tavarez was aware that his headaches and breathing
problems might be employment related no later than
May 28, 1993;


(2) Tavarez did not notify his employer of an alleged
occupational disease until October 28, 1993;


(3) Tavarez failed to prove by a preponderance of the
evidence that a causal relationship existed between his
medical problems and his employment; and


(4) Appellant had been able to obtain and retain
employment at wages equivalent to his pre-injury
wage since June 4, 1993, the date of his termination
with his employer.


Conclusions of Law:


(1) Tavarez did not timely file a notice of injury(2) with his
employer or have good cause for failing to do so;


(2) Tavarez did not suffer an injury in the course and scope
of his employment in the form of an occupational
disease; and


(3) Tavarez has not suffered any disability due to an
alleged occupational injury.


 Based on these findings of fact and conclusions of law, the TWCC
issued the following decision and order:

[Tavarez] did not suffer an injury in the course and scope of
his employment on May 17, 1993 in the form of an
occupational disease due to the inhalation of toxic fumes. If
[Tavarez] had suffered an injury, he still failed to file a timely
report with his employer. His carrier is thereby relieved of
liability for benefits on the claim. [Tavarez] has not suffered
disability due to alleged injury of May 17, 1993, and is not
entitled to temporary income benefits. Carrier is ordered not
to pay benefits on the claim.


This decision and order was affirmed by a TWCC appeals panel. 
Appellant did not appeal the TWCC ruling. He filed suit against
appellees under claims of common law negligence, violations of the
DTPA, violations of the Texas Disciplinary Rules of Professional
Conduct, and breach of contract.


2. Summary Judgment


 In his first and second issues, appellant contends the trial court
erred in granting appellees' motions for summary judgment because:
(1) the appellees did not conclusively negate at least one element of
each cause of action asserted by appellant; and (2) appellant presented
genuine issues of fact as to each element of each cause of action
asserted.

 The proper inquiry on appeal is whether the defendant, in seeking
summary judgment, fulfilled his initial burden: (1) to establish as a
matter of law that there remained no genuine issue of material fact as
to one or more essential elements of the plaintiff's cause of action, or (2)
to establish his affirmative defense to the plaintiff's cause of action as
a matter of law. Casso v. Brand, 776 S.W.2d 551, 556 (Tex. 1989);
Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex.
1985); Swilley v. Hughes, 488 S.W.2d 64, 67 (Tex. 1972). In deciding
whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the non-movant must be taken as true. 
Nixon, 690 S.W.2d at 549. Every reasonable inference must be
indulged in favor of the non-movant and any doubt resolved in his favor. 
Id. Once the movant establishes an affirmative defense which would
bar the suit as a matter of law, the non-movant must produce summary
judgment proof raising a fact issue in avoidance of the affirmative
defense. Gonzalez v. City of Harlingen, 814 S.W.2d 109, 112 (Tex.
App.--Corpus Christi 1991, writ denied).

 A final judgment arising out of an administrative proceeding may
conclusively establish the absence of causation in fact in the context of
attorney malpractice cases. See MND Drilling Corp. v. Lloyd, 866
S.W.2d 29, 31 (Tex. App.--Houston [14th Dist.] 1987, no writ.); Tijerina
v. Wennermark, 700 S.W.2d 342, 344 (Tex. App.--San Antonio 1985,
no writ); Gibson v. Johnson, 414 S.W.2d 235, 238-40 (Tex. Civ.
App.--Tyler 1967, writ ref'd n.r.e.). The judgment of the TWCC is
therefore relevant evidence that may support a summary judgment if
not controverted. See Gibson, 414 S.W.2d at 238-40. 

 Appellant contends appellees committed malpractice because they
failed to make clear that the scope of their employment did not include
his workers' compensation claim. Appellant asserts that Dan Alfaro had
the responsibility of representing him, but Alfaro referred his case to
Patterson and Associates without his permission. Appellant contends
that both law firms had the responsibility of at least notifying him of his
need to file a notice of his injury with his employer. 

 In their motions for summary judgment, both parties argued that
they were not engaged for and did not accept employment to represent
appellant in any potential workers' compensation claim and had no duty
to advise appellant about or assist appellant in his workers'
compensation claim. They contended they committed no act of
negligence, and that no act or omission on their part constituted a
proximate cause of appellant's damages. Finally, they argued they did
not receive the proper notice required before they could be sued under
the DTPA.(3)

 The TWCC ruled against appellant. The findings of the panel
directly relate to the dispute and are relevant. Tex. R. Evid. 401. This
case is not an appeal of an administrative agency decision. When
appellant did not appeal the TWCC appeals' panel ruling, it became
final. Therefore, the opinion of the TWCC was properly admitted before
the trial court and was not hearsay. See Tex. R. Evid. 803(8)(C); Mary
Lee Found. v. Texas Empl. Comm'n, 817 S.W.2d 725, 728 (Tex.
App.--Texarkana 1991, writ denied) (fact findings of the Texas
Employment Commission are admissible under 803(8)(C), but not
relevant in a trial de novo in direct appeal of an order from an
administrative agency.).

 The TWCC rejected the medical evidence appellant presented to
it, Dr. Guinn's competency, and the scientific basis of his opinion. 
Reasons found in the TWCC opinion include: (1) there was no evidence
that toxic fume inhalation was the cause of appellant's medical
problems; (2) there was no evidence that Dr. Guinn was familiar with
Varsol or knew about the chemical substances it contains; and (3) there
was no evidence from Dr. Guinn of what effects might result from a
person's exposure to Varsol. Consequently, appellees' proof, in the
form of the TWCC findings, established that appellant had not suffered
a disability or a compensable injury for which he might recover
damages. The burden, therefore, shifted to appellant to raise an issue
of fact. Schlager v. Clements, 939 S.W.2d 183, 186-87 (Tex.
App.--Houston [14th Dist.] 1996, writ denied) (in attorney malpractice
actions, once causation in fact is conclusively negated, the burden
shifts to the plaintiff to raise a material fact issue).

 Appellant offered an affidavit from Dr. Guinn to rebut the findings
of the TWCC tribunal. Appellees object on appeal that Dr. Guinn's
affidavit is conclusory, but did not do so at the trial level. Generally,
objections to defects in the form of affidavits must be raised in the trial
court. Tex. R. Civ. P. 166a(f). However, objections to defects in the
substance of affidavits may be raised for the first time on appeal. 
Progressive County Mut. Ins. Co. v. Carway, 951 S.W.2d 108, 117 (Tex.
App.--Houston [14th Dist.] 1997, no writ). An objection to an affidavit
on the ground that it states only a legal conclusion is one that relates
to a defect of substance. Bell v. Moores, 832 S.W.2d 749, 756 (Tex.
App.--Houston [14th Dist.] 1992, writ denied).

 The relevant standard for an expert's affidavit opposing a motion
for summary judgment is whether it presents some probative evidence
of the facts at issue. Trapnell v. John Hogan Interests, Inc., 809 S.W.2d
606, 611 (Tex. App.--Corpus Christi 1991, writ denied). An affidavit
that merely contains an expert's conclusory statements is insufficient to
support or defeat summary judgment. See Ryland Group, Inc. v. Hood,
924 S.W.2d 120, 122 (Tex. 1996). This is true because such
statements are not credible or susceptible to being readily controverted. 
See id. An expert's affidavit supporting a motion for summary
judgment must be clear, positive, direct, otherwise credible, free from
contradictions and inconsistencies, and readily controvertible. See Tex.
R. Civ. P. 166a(c). After reviewing Dr. Guinn's affidavit, we conclude it
contains no more than conclusory statements that repeat the evidence
rejected by the TWCC tribunal. See Brownlee v. Brownlee, 665 S.W.2d
111, 112 (Tex. 1984) (affidavits containing no more than conclusory
statements are not enough to raise fact issues.). 

 To establish an occupational disease, there must be probative
evidence of a causal connection between the claimant's work and the
disease; the disease must be indigenous to the work, or must be
present in an increased degree in that work as compared with
employment generally. See Schaefer v. Texas Emp. Ins. Ass'n, 612
S.W.2d 199, 204-05 (Tex. 1980). Dr. Guinn's affidavit fails to close the
scientific gaps in the evidence identified by the TWCC tribunal. It does
not mention what levels of any substance appellant was exposed to,
nor does it mention in what amounts and conditions Varsol can be
determined to be deadly. See, e.g., Austin v. Kerr-McGee Ref. Corp.,
2000 Tex. App. LEXIS 4317 (Tex. App.--Texarkana June 29, 2000) ("It
is fundamental that a plaintiff [in a case involving exposure to toxic
materials] must prove the levels of exposure that are dangerous to
humans generally, and must prove the actual level of exposure of the
injured party to the defendant's toxic substances.").


 Appellant did not plead that appellees' negligence caused his
failure to establish that he had suffered a disability or had a
compensable injury. Hence, appellant would have lost his malpractice
case even if everything he sought to prove is true. See Jackson v.
Urban, Coolidge, Pennington and Scott, 516 S.W.2d 948, 949 (Tex. Civ.
App.--Houston [1st Dist.] 1974, writ ref. n.r.e.). ("Where a client sues
his attorney on the ground that the latter caused him to lose his cause
of action, the burden of proof is on the client to prove that his suit
would have been successful, but for the negligence of his attorney.").

 We conclude the summary judgment evidence establishes as a
matter of law that none of the negligent acts or omissions alleged by
appellant proximately caused the injuries that he claims. We overrule
appellant's first and second issues.

 In his third issue, appellant contends the trial court erred in
granting appellees' motions for summary judgment because any lack of
notice under the DTPA was waived. Appellant argues that the remedy
for lack of notice is merely abatement. 

 Even if this argument is true, it does not change the problems
appellant had with his pleadings or the TWCC findings used against
him. We overrule appellant's third issue.


 We hold the trial court did not err in granting appellees' motions
for summary judgment. We affirm the trial court's order granting
appellees' motions for summary judgment.


 FEDERICO G. HINOJOSA

 Justice


Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

24th day of August, 2000.

1. The elements of legal malpractice are: (1) a duty owed to the plaintiff; (2)
breach of that duty; (3) that the breach proximately caused the plaintiff's injury; and
(4) damages. Cosgrove v. Grimes, 774 S.W.2d 662, 665 (Tex. 1989).
2. See Tex. Lab. Code § 409.001(a)(1),(2) (An employee or a person acting on the
employee's behalf shall notify the employer of the employee of an injury not later than
the date on which the injury occurs or, if the injury is an occupational disease, the
employee knew or should have known that the injury may be related to the
employment.). 
3. Thirty days before filing suit, a plaintiff must give written notice to the entity
he wishes to bring a claim against, if the claim is over $1000. This notice must
include the consumer's specific complaint, and the amount of damages and
expenses, including attorney's fees, reasonably incurred in pursuing the claim. See
Tex. Bus. & Com. Code Ann. § 17.505.